JACOB FOUKE, *Plaintiff in Error*,

*vs.*

JOHN RAY, *Defendant in Error.*

ERROR TO THE CIRCUIT COURT OF LA FAYETTE COUNTY.

It seems a party offering evidence competent in character, and pertinent to the issue, in proper time, is entitled to have it received, though the opposite party may be in possession of a higher character of evidence in relation to the same subject matter.

Copies of papers and records, duly certified by the officer in whose custody the originals are by law required to be kept, are competent evidence.

Such copies, so authenticated, may be read by the party producing them, though the opposite party may have the originals in court at the time, and offer them.

The Statute makes such copies so authenticated evidence, equally, and in like manner, as the originals.

*Jas. H. Knowlton* for the plaintiff in error.

*C. Dunn* for the defendant in error.

*By the Court*, SMITH, J. This was an action of ejectment brought by the plaintiff in error against the defendant in error.

The bill of exceptions discloses the following case :

The plaintiff claimed title to the lands described in the declaration, by virtue of a judgment rendered in his favor against the defendant and one Samuel F. M. Fretwell, in an action of covenant, an execution, sale, and sheriff's deeds thereon. The judgment was rendered in the District Court of the United States for the Territory of Wisconsin, on the 17th day of September, 1844.

On the 10th day of October, 1844, a *fi. fa.* issued

on this judgment in due form. Nothing was done on this execution, as appears from the return of the sheriff endorsed thereon. The writ was returned into the clerk's office. On the 27th day of February, 1845, Parley Eaton, the attorney for the plaintiff, filed with the clerk a precipe, ordering an alias *fi. fa.* to be issued, which was done the same day.

By virtue of the alias writ, the sheriff levied upon the lands in controversy on the 18th day of April, 1845, within the life of the execution, and advertised the same for sale on the 31st day of May, 1845, (three days after the return day mentioned in the writ.) The levy and fact of advertisement appear in the sheriff's return, endorsed on the writ. At the bottom of, and on the left hand side of the return, are the words and figures: " May 28th, 1845." No further order for execution was given by the plaintiff or his attorney than has been before mentioned. The clerk of the court, however, issued and delivered to the sheriff a writ of *venditioni exponas*, in which the issuing of the alias *fi. fa.* is mentioned, and then follows this language, to-wit : " And you having made return on that writ that you levied by virtue thereof, on all the right, title and interest of the said John Ray to the following goods and chattels, lands and tenements, to-wit ; " (Here follows an exact recital of the return made by the sheriff on the alias *fi. fa.*, and then follows this language :) " which said goods and chattels, lands and tenements, remain in your hands unsold, for the reason that the alias *fieri facias* aforesaid had expired. We therefore command you, that you sell, or cause to be sold, the said goods and chattels, lands and tenements of the said John Ray, by you in form aforesaid taken, without delay, &c., &c."

JUNE TERM,
1853.

Fouke
vs.
Ray.

This writ of *vened. ex.* was sealed with the seal of the court, and rested the *2d day of May*, 1845.

By the sheriff's return, on this last named writ, it appears that he sold the lands claimed by the plaintiff, on the 7th day of June, 1845, after due and proper notice, and also that the plaintiff was the purchaser thereof. Upon this levy and sale, the sheriff executed a deed to Fouke.

On the trial, it was admitted that there was a regular, valid, binding judgment, upon which these writs of execution issued ; and also, that the defendant, at the time of the commencement of the action, and at the trial, was in the possession of the premises claimed by the plaintiff, claiming right thereto, by, through, or under one Elijah Wentworth.

At the trial, the counsel for the plaintiff offered to read in evidence a transcript of the judgment, and copies of the *fi. fa.* and of the *venditioni exponas*, with the returns of the sheriff thereon endorsed, showing a levy and sale of the premises in question, *duly certified* by the clerk of the Circuit Court of Iowa County, in whose custody the record of the judgment, and the originals of the writs and returns, were by law kept.

The counsel for the defendant objected to the same being read, for the reason that the originals were better evidence, and that they, the defendant's counsel, had said originals in court, and such being the case, they insisted that they should be read. The court sustained the objection and ruled out the transcript and the certified copies of the writs, to which ruling the plaintiff's counsel excepted. The counsel for the plaintiff then read in evidence the *fi. fa.*, the alias *fi. fa.*, and the sheriff's returns thereon, and then commenced reading the *vend. ex.*, and thereupon, im-

mediately, the counsel for the defendant objected to the reading of the said writ, and the return of the sheriff endorsed thereon, for the reason that the said writ of *vend. ex.* was tested on the 2d day of May, 1845, which was prior to the return day of, and during the life of the alias *fi. fa.* by virtue of which the levy was made upon the premises ; and because it appeared, by the return of the sheriff, that the sale was made on a different day from that set for the sale, as appeared by the said return on the alias *fi. fa.* And the court decided that the writ of *vend. ex.* being tested before the expiration of the life of said alias *fi. fa.*, ought not to be read in evidence, and excluded the same, to which the plaintiff excepted.

Thereupon, on motion of the defendant, the court gave judgment of nonsuit against the plaintiff, and for costs. To reverse this judgment, the plaintiff brings his writ of error.

The counsel for the plaintiff assigns for error :

1st. The court erred in excluding from the jury, as evidence, the transcript of judgment, and copies of execution, &c., duly certified, *when, and as* offered in evidence by the plaintiff on the trial below.

2d. That the Circuit Court erred in rejecting, as evidence, the writ of *venditioni exponas* offered by the plaintiff on the trial below.

3d. That the Circuit Court erred in ordering a peremptory nonsuit against the plaintiff.

No objection is made by the counsel for the defendant, to the form, manner, or sufficiency of the certificate of the clerk of the Circuit Court of Iowa county, by which the transcript of the judgment, and the copies of the several writs were authenticated. The sole ground of their objection to the intro-

JUNE TERM, 1853.

Fouke
vs.
Ray.

duction of such transcript of judgment, and such certified copies, was, that they, the counsel for the defendant, had the originals in court; that the originals were the better evidence, and they being present, the transcript and copies were inadmissible.

It is the duty of a party seeking to maintain the issue upon his side, to produce for that purpose, competent legal evidence, and when he does so, and offers it at the proper time, and in the proper manner, it is the duty of the court to receive it.

The evidence offered by the counsel for the plaintiff was competent upon general principles of the law of evidence. He had provided himself with the character and kind, which the law required, and the possession by the opposite party of a different kind and character, did not vitiate the former. Copies of records and papers, duly authenticated by the officers in whose custody they are by law required to be kept, or by the officer whose duty it is, by law, to authenticate them, are admissible in evidence, where, by law, the originals would be. The authorities cited by the counsel for the plaintiff in error, are conclusive. 1 *Greenl. Ev.*, *Sec* 507; *U. S. Percheman*, 7 *Pet.* 85; *Oaks* vs. *Hill*, 14 *Pick.* 442–448. See also 1 *Greenl. Ev.*, *Sec* 485. Some courts have gone so far as to reject even the records themselves, and to require an exemplified copy. In *Lowry* vs. *Cady*, 4 *Vermont Rep.* 504, the court says: " Neither the records themselves nor minutes should ever be received, when copies can be obtained, unless there is some strong reason for dispensing with the usual and appropriate evidence."

But if any doubt could be entertained in regard to

the general principles which should determine this
question, the statute is conclusive upon the subject.

Sec. 140, of Chap. 11, Revised Statutes, provides that copies of all documents, writs, proceedings, instruments, papers and writings, duly filed or deposited in the office of any Judge of Probate, Register of Deeds, Clerk of Circuit Court, County Treasurer, or Clerk of Board of Supervisors, and transcripts from the books of records or proceedings kept by any of said officers, with the seal of his office affixed, shall be evidence in all cases, *equally and in like manner as the originals."*

We have no doubt that the court below erred in rejecting the evidence offered by the plaintiff on the trial below, and that the judgment of that court ought to be reversed.

It is therefore unnecessary to examine the other errors assigned.

The judgment of the Circuit Court is reversed with costs.