## ORDWAY and ORDWAY, plaintiffs in Error,

### *vs.*

## CONROE et al., defendants in Error.

ERROR TO RACINE CIRCUIT COURT.

Every state may prescribe its own forms of keeping and certifying its records, and when authenticated by the attestation of the clerk, and the certificate of the presiding judge or magistrate of the court in which the proceedings are had, that the attestation of the clerk is in due form, they are entitled to full faith and credit.

A record proper, purporting to be certified by the clerk or prothonotary of the proper county, does not require proof that he is the officer in whose custody the same is required by law to be kept: Provided it be accompanied with the certificate of the presiding judge, that the attestation of the clerk is in "due form." It is otherwise in regard to mere transcripts of the minutes of the proceedings of the court.

A "record" of a court has a fixed, judicial meaning, and certain requisites are essential to give to it the character which the term implies.

A record duly exemplified is not evidence in *all* cases whatsoever; but however attested or exemplified, must be relevant to the issue to be tried.

In order that full faith and credit shall be given to records or judicial proceedings, it is essential that the presiding judge or magistrate shall certify that the attestation of the clerk or prothonotary is in due form, in order to bring the same within the act of Congress.

Congress is expressly authorized to prescribe the manner in which the public acts, records and judicial proceedings of every state shall be proved, and the effect thereof, and when so proved, such effect must be given to them as the act of Congress prescribes.

Every record, however legally authenticated, must be relevant to the issue to be tried, in order to be admissible in evidence. It is not every record, though " duly " authenticated, that is admissible upon every issue.

What amounts to a legal "authentication?"

Notwithstanding the act of Congress, it is undoubtedly competent for the state legislature to prescribe other rules for the admission of such "records" and "judicial proceedings," in evidence, not inconsistent with the acts of Congress.

Where the exemplification or "authentication" of the record does not conform to the act of Congress, to be admissible it must conform to the requisitions of our own statutes.

To entitle a record, transcript or document to be read in evidence, it must be authenticated according to act of Congress, or if not so authenticated, it must conform to all the requisitions of the statutes of this state.

The acts of Congress do not require any particular form of authentication, leaving to each state or court to adopt its own form; but it does require that the pre-

Ordway and Ordway vs. Conroe et al.

siding judge or magistrate shall certify that the attestation of the clerk (in regard to judicial proceedings) is in "due form."

By our statute, copies of all papers, duly authenticated by the officer in whose custody they are, by law, required to be kept, or by the officer whose duty it is to authenticate them, are admissible in evidence in all cases in which the originals would be.

Whenever a copy of a record is offered in evidence, if it be not authenticated according to acts of Congress, it must be certified by the officer in whose custody the same is required by law to be, to have been compared with the original, and to be a correct transcript therefrom, and his official seal to be attached, if any such he have.

The certificate of the presiding judge to the attestation of a foregn record, derives its potency from the act of Congress, and unless it is in conformity therewith it avails nothing.

The statutes of a state may dispense with, though they may not amend, the forms of attestation or proof prescribed by Congress, or the effect thereof, but the directions of one or the other must be complied with.

THIS was an action of debt on judgment, commenced in the Circuit Court of Racine county by the plaintiffs in error against the defendants in error. The declaration was upon a judgment recovered in the Circuit Court of Ottawa county, in the state of Michigan, July 29, 1852, for $1,000. Plea—General issue.

On the trial in the court below (a jury being waived) the plaintiffs offered in evidence what purported to be a transcript of a judgment rendered in the Circuit Conrt of Ottawa county, in the state of Michigan, under the seal of the court. This transcript contained a copy of the writ of attachment issued in the cause out of the County Court of said county, tested November 15, 1850, a copy of the affidavit upon which said writ issued, the return of the sheriff, a copy of the declaration and plea, and proof of publication; also the transfer of said cause to the Circuit Court of said Ottawa county. Then followed a copy of the journal entries from day to day when the cause was moved. There was some confusion in the order and dates of these entries, not material to be noticed. This transcript of the journal entries was authenticated by the certificate of the judge and clerk, as follows:

"*State of Michigan,*  
*Eighth Judicial Circuit.*

"I, George Martin, circuit judge of the eighth judicial circuit

of the state of Michigan, do certify that Hoyt G. Post, Esq., of Grand Haven, in the county of Ottawa, in said state, is and was, on the 14th day of April, A. D. 1853, clerk of such county, and as such, clerk of the Circuit Court for such county, and is the officer in whose custody the records of such court are required by the laws of such state to remain.

"Dated at Grand Rapids, this 24th day of June, A. D. 1853.

(Signed) "GEORGE MARTIN,

" Circuit Judge of the Eighth Judicial Circuit, Mich."

### TITLE OF THE CAUSE.

State of Michigan,  
    County of Ottawa.

I, Hoyt G. Post, clerk of the Circuit Court for said county, the same being a court of record, do hereby certify, that the foregoing and herewith attached, is a true copy of the record and of all the proceedings in the above entitled cause, and also that the amount of damages due the said La Fayette and Alden Ordway, as awarded by the court, together with the costs which have accrued, are one thousand and seventy dollars and twenty-six cents, with interest at seven per cent. per annum, from July 28th, 1853.

L. S.  
Seal of the  
Court.

In witness, &c., this 1st day of July, A. D. 1853.

HOYT G. POST, Clerk.

The defendants objected to the reading of the transcript for various reasons, one of which was that it was not legally authenticated, which latter objection was sustained by the court and the evidence rejected, to which the plaintiff below excepted.

No further evidence being offered, the court below rendered judgment of nonsuit against the plaintiff, to which the plaintiff excepted.

J. W. Carey, for the plaintiff in error.

H. T. Saunders, for the defendant in error.

By the Court, SMITH, J. The only question necessary to be discussed in this case, though all the others presented and argued

at the bar have been carefully considered, is, whether the court below erred in rejecting the transcript offered in evidence, on the ground that it was not properly authenticated.

The admissibility of the record as evidence depends upon two questions: 1. Is it authenticated according to the act or acts of Congress, passed in conformity with section 1 of the fourth article of the constitution of the United States? and 2d. Is it admissible under the provisions of the Revised Statutes of this state?

We think it can hardly be claimed that there is here even an approach to a proper authentication in conformity with the acts of Congress. This paper, purporting to be a record, is rather a transcript from the minutes of the proceedings of the court in the conduct of the case. A record proper, is quite another matter. But this transcript is undoubtedly a copy of the minutes of "judicial proceedings." It informs us of the issuing of an attachment and the service thereof, of an order of publication, of the transfer of the case from the County to the Circuit Court, of the submission of the case to the court, of the finding of the court, and of the averment that "judgment be and the same is hereby rendered," &c. But there is no recorded order of the court that the plaintiffs do recover, &c., no pronunciation of the sentence of the law upon the facts found. Yet we are not prepared to say that even this unartistic and meager document might not be received as competent evidence, if the circuit judge had certified that the certificate, &c., of the clerk was in due form." Every state may prescribe and pursue its own forms of keeping and certifying its records, which is supposed to be known to the presiding judge or magistrate of the court in which the proceedings are had, and it is his certificate that the attestation is "in due form," which gives efficacy to the document under the act of Congress. *Ferguson vs. Harwood*, 7 *Cranch*, 408. Congress is expressly authorized by the constitution to prescribe the manner in which the public acts, records and judicial proceedings of every state shall be proved, and the effect thereof. *Const. U. S., Art.* 4, § 1.

The circuit judge, whose certificate is appended to this transcript, only certifies that "Hoyt G. Post, Esq., is, and was, on the 14th day of April, A. D. 1853, clerk of said county (county

Ordway and Ordway vs. Conroe et al.

of Ottawa, State of Michigan), and as such, clerk of the Circuit Court for such county, and is the officer in whose custody the records of said court are required by the laws of such state to remain." This certificate is dated the 24th day of June, A. D. 1853. The certificate of the clerk is dated the 24th day of July, 1853.

A record proper, purporting to be certified by the clerk or prothonotary of the proper county, does not require proof that such clerk or prothonotary is the officer in whose custody the same is required by law to be kept, *provided it be accompanied with the certificate of the presiding judge that the attestation of the clerk is in due form.* It is otherwise in regard to a mere transcript of the minutes of the proceedings of the court. 7 *Cranch*, 408. The judge does not certify that this attestation is in due form. He does not even certify that Hoyt G. Post was, at the date of his attestation, clerk of said court. The law of Congress, in regard to the authentication of records, is simple enough, and it is no hardship to hold parties to a strict conformity therewith. The transcript offered in evidence in the court below, is wanting in the essential requisites demanded by the act of Congress, and is not, therefore, competent evidence under the provisions of that act.

But it is contended that, although the transcript offered in evidence may not be authenticated according to the act of Congress, yet it is competent under the provisions of section 52 of chapter 98 of our Revised Statutes. This position of the counsel for the plaintiff in error, presents a question of greater difficulty. The language of this section is as follows:

"The records and judicial proceedings of any court of any state or territory of the United States shall be admissible in evidence in all cases in this state, where authenticated by the attestation of the clerk, prothonotary or other officer having charge of the records of such court, with the seal of such court annexed."

We think it can hardly be contended, seriously, that any and every paper, claimed to be "records" and "judicial proceedings," *authenticated* by the signature of the clerk and the seal of the court, are, by this act, made competent evidence "in all cases in this state." On the contrary, the record or copy of a record, if such it purports to be, must be complete in itself. In other

words, the calling it a record by the attesting clerk, or by the party offering it in evidence, does not make it so. A *record* of a court has a fixed judicial meaning, and certain requisites are essential to give to it the character which the term implies. So with regard to "judicial proceedings" which are reduced to writing, and thus perpetuated by the recording officer, under the order and direction of the court or presiding magistrate.

Again, the record or transcript must be relevant to the particular case, and conformable to the particular rules of evidence in relation to the issue to be determined. Although the language of the statute is, that the records and judicial proceedings shall be admissible "in all cases in this state" when so authenticated, it is not intended that they *must* be admitted whether they are relevant or not.

Again, they must be "*authenticated* by the attestation of the clerk." The attestation of the clerk alone is not sufficient, but they must be "authenticated." What, then, is the authentication required? The section of the statute above cited does not inform us. The authentication of any document is that which is certified concerning it by the proper certifying officer or officers. If what is thus said of it amounts to a legal "authentication," and is attested by the clerk or prothonotary, or other officer having charge of the records of such court, with the seal of the court annexed, it is admissible under our statute, if it be relevant to the issue. But we are constrained to remark, that as the constitution of the United States provides that full faith and credit shall be given to the public acts, records, &c., of every other state in the Union, and as an express power is granted by the constitution to Congress to prescribe the manner in which such acts, records, &c., shall be proved, and the effect thereof, it would be better to have them in all cases authenticated according to such act of Congress, and that state legislation should either conform thereto, or cease to act upon the subject. But it has been several times decided, and may perhaps be considered as settled, that although it is imperative upon the courts of the respective states to admit in evidence public acts, records and judicial proceedings of another state, when proved and authenticated in the manner prescribed by act of Congress, yet each state may prescribe other rules for the admission of such public

acts, records, &c., in evidence, not incompatible with such acts of Congress.

As the alleged transcript of record offered in evidence in this case is not authenticated according to the act of Congress in this behalf, the only question necessary to be consulted is, whether the authentication of this record, attested by the clerk, is such as entitles it to admission as evidence under the provisions of our statute.

As before remarked, the language of section 52 of chapter 98 of the Revised Statutes of this state, is very broad and comprehensive, but it must, of course, be construed in harmony with other rules of evidence, which it was in nowise intended to modify or repeal. The 52d section does not attempt to prescribe the substance of the authentication. Every state, if not every court of general jurisdiction, has certain forms by which its proceedings, and the record thereof, shall be authenticated. Hence the act of Congress requires, not any particular form of authentication, but that the presiding. judge or chief magistrate of the court shall certify that the attestation of the clerk is in "*due form,*" leaving to each state or court to adopt its own form of authentication, and making the certificate of such judge or magistrate conclusive evidence in regard to the sufficiency and correctness of the form used.

But there is nothing of the kind to aid this transcript. The circuit judge certifies that Hoyt G. Post is the clerk of the court, and that he is the officer in whose custody the records of the court are by law required to be kept, but he does not certify that his attestation is in *due form.*

To repeat, then, what is the form and substance of the authentication requisite, under the provisions of our statute, to render copies of the records, &c., of other states admissible in evidence, conceding that they are not authenticated according to the acts of Congress? In *Faulks vs. Ray* (1 *Wis.* 108), we decided that "copies of papers duly authenticated by the officer in whose custody they are by law required to be kept, or by the officer whose duty it is by law to authenticate them, are admissible in evidence in all cases in which, by law, the originals would be admitted." In that case the copies offered were admitted to be "duly certified," and we are to presume that their authentica-

tion was in "due form," and the court was not called upon, nor had it the means to enable it to say what should be the due form of authentication.

Subsequent to section 52, above quoted, and in the same chapter (§ 66), there is the following provision, which may, perhaps, throw some light upon the intention of the legislature, though we cannot refrain from again expressing the wish, that all records, or exemplifications of records, of the courts of other states, were held strictly to the rule of authentication prescribed by acts of Congress.

"Whenever a certified copy of any affidavit, record, document or other paper is allowed by law to be evidence, such copy shall be certified by the officer in whose custody the same is required by law to be, to have been compared by him with the original, and to be a correct transcript therefrom; and if such officer have any official seal by law, such certificate shall be authenticated by such seal." *Rev. Stat. Chap.* 98, § 66.

It might be a question whether this section refers merely to such records, papers or documents as are not in their nature judicial, or whether it is designed to prescribe the substance of the certificate by which all copies of records, &c., whether judicial or otherwise, must be authenticated. But the next succeeding section (§ 67) seems to preclude any such distinction. It provides that "the preceding section (§ 66) shall not be construed to require the affixing of the seal of a court to any certified copy of a rule or order made by such court, or of any paper filed therein, when such copy is used in the same court, or before any officer thereof," seeming to imply that whenever a copy of a record, or of any paper, shall be offered in evidence in any other court than that in which it is made, it must be certified according to the requirements of the 66th section, and that this section embraces copies of judicial, as well as other records.

We think, therefore, that the transcript offered in evidence in this case must be tested by the rules above suggested. When the copy of a record of another state is authenticated according to the act of Congress, every state court is bound to give it full faith and credit. But if it be not so authenticated, it must appear from the certificate of the officer having the legal custody of the record, to have been compared by him with the original,

and to be a correct transcript therefrom. We think the 66th section of chapter 98 of our Revised Statutes is intended to prescribe the substance of the authentication which is to be attested by the clerk or prothonotary, in accordance with the 52d section of the same chapter.

This transcript bears little of the semblance of a record. It would seem to be a mere transcript from the journal of the court. There is no judgment roll or record made up. There is no formal judgment recorded. It is true there appears to be copied from the minutes or journal, a *finding* of the court, and a memorandum that judgment was rendered. But there is no recorded judgment in proper and legal form. Yet, if the presiding judge had certified under the act of Congress, that the attestation is in "due form," the same faith and credit would be given to it as it would be entitled to in the state of Michigan.

From the argument of counsel, it would seem that considerable effect ought to be given to the certificate of the circuit judge. Such certificate derives significance and potency only from the act of Congress, and unless it be in conformity with that act, it avails nothing. The certificate of the circuit judge states that Hoyt G. Post is clerk of the Circuit Court of Ottawa county, in the state of Michigan, and is the officer in whose custody the records of said court are by law required to be kept. But it does not state that the said circuit judge is *the* judge, chief justice, or presiding magistrate of the Circuit Court, in which the record remains, nor can that fact be implied from his signature, nor that the attestation of the clerk is in due form.

This transcript presents a series of papers attached or wafered together; the writ, declaration, plea, journal entries of rules or orders of court, &c., &c., each one certified by the clerk to be a true copy of the original, but not one is certified to have been examined or compared with the original, and to be a correct transcript therefrom.

We think that to admit these papers or this document in evidence as a judgment record, would be too great a departure from established forms, and open the door to indefinite mischief and confusion.

Judgment affirmed, with costs.