HONG QUON, LAM SAY KAN, LUM CHUNG WA, L.
　　APANA, L. ALAI, TONG HUNG, TONG CHONG
　　SOY, LEONG NAM, L. TUCK KONG and TONG
　　CHONG WAI, partners under the name of Sing Chong
　　& Co., *v.* CHEA SAM, KAM KUN, HO HIN, HO WA,
　　LAM SAM CHIN, LAU FOO CHIN and LAM YING
　　TAI, partners under the name of Lin Hop Wai Co.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 24, 1902.　　　　DECIDED JUNE 6, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The record or a certified copy of a deed, duly recorded, is competent
　　evidence where the original would be admissible. That the record
　　or certified copy would tend to impeach the validity of the original
　　deed, is not a good objection to its admission in evidence.

OPINION OF THE COURT BY GALBRAITH, J.

The plaintiffs sued in ejectment to recover the possession of
2 6-100 acres of land, Royal Patent No. 820, L. C. A. 8241 BB,
situated at Waipio, Ewa, Island of Oahu, and for $150.00 dam-
ages. The defendants who are in possession answered by filing
a general denial. A jury trial was had and a verdict rendered
for the plaintiffs for the possession of the premises and for
$81.50 damages. The defendants saved numerous exceptions
and ask that the judgment be vacated on account of errors of
law committed by the trial judge in admitting and excluding
evidence.

The plaintiff to sustain the issue on their behalf introduced in

evidence, without objection, a certain deed from Yong Qui *alias* A. Kawai to A. Wai *et al.* dated January 5th, 1886, and recorded on the same day. The purpose of this evidence was to show that the land in controversy passed by that deed. The defendants in attempting to establish their defense offered in evidence the record of the deed, also a certified copy of the record from the Registrar of Conveyances for the purpose of showing that when the deed was recorded it did not contain a description of the land in controversy and that the deed had been changed or altered in a material part after its execution and record and that the defendants were innocent purchasers of the premises in dispute without notice.

This evidence was objected to "because it is incompetent, irrelevant and immaterial in that it seeks or purports, by the introduction of a certified copy of the record, to do away with the validity of the original document offered, and as such it cannot be introduced for the purpose of impeaching the original document which is recorded." This objection was sustained and the defendants excepted. This ruling was clearly erroneous. The record, also the certified copy of the deed was competent evidence for the reason that it is made such by statute. Section 1849, C. L., reads in part as follows: "The record of an instrument duly recorded, or a transcript thereof, duly certified, may also be read in evidence, with like force and effect as the original instrument."

In the case of *Foulke v. Bray*, 1 Wis. 104, the defendant in ejectment offered certified copies of certain muniments of his title and the plaintiffs objected to their introduction because the originals were in court. The objection was sustained. The Supreme Court held this to be error under the general rules of evidence as well as under the provisions of a statute similar to our own. See also *Meng v. Cohen*, (S. C.) 20, S. E. 62; *Woods v. Hildebrand*, 46 Mo. 284; *Burnett v. McCluey*, 78 Mo. 676, 687.

Again, this evidence was competent on other grounds. If the deed when executed did not contain a description of the

property in controversy, then title to it did not pass by the deed and the fact that the record, made the same day that the deed was executed, shows that this property was not included in the deed was strong evidence to establish the fact that the deed had been changed in a material part after its execution. It would further support the claim that the defendants were innocent purchasers without notice.

Mr. Justice Field, speaking for the Supreme Court of the United States, said on this subject: "The change in the description of the property, made after the delivery of the deed to the grantee and its record in the register's office of the country, did not give operation and force to the deed with the changed description as a conveyance of the premises in controversy. An alteration in the description of property embraced in a deed, so as to make the instrument cover property different from that originally embraced, whether or not it destroys the validity of the instrument as a conveyance of the property originally described, certainly does not give it validity as a conveyance of the property of which the new description is inserted. The old execution and acknowledgment are not continued in existence as to the new property. To give effect to the deed as one of the newly described property it should have been re-executed, re-acknowledged and re-delivered. In other words a new conveyance should have been made."

"But if the deed as altered in its description of the property conveyed be deemed valid as between the parties from the time of the alteration, though not executed, it could not take effect and be in force as to subsequent purchasers without notice, whose deeds were already recorded, but as to them by the statute of Nebraska, it was void." *Moelle v. Sherwood*, 148 U. S. 21, 27.

The statute of this Territory, if possible, is in stronger terms than the statute of Nebraska, quoted in the above opinion, and reads as follows: "All deeds, leases for a term of more than one year, or other conveyances of real estate within this Republic, shall be recorded in the office of the Registrar of Conveyances, and every such conveyance not so recorded shall be void as against any subsequent purchaser, in good faith and for a valu-

able consideration, not having actual notice of such conveyance, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." C. L., Section 1852.

Having determined that this ruling of the court was error, the next question presented is, was it reversible error, or of sufficient importance to justify this court in setting aside the verdict of a jury and ordering a new trial? We think that it was. If the defendants' contention is true and their evidence had been admitted and the jury found a verdict for them there would have been evidence sufficient to sustain the verdict. We cannot say that the jury would not have so found if the evidence had been admitted.

Several tracts of real estate and some personal property were attempted to be conveyed by the original deed and were described in a schedule endorsed thereon. A part of this schedule is as follows: "3. All those premises described in R. P. *820*, L. C. A. *8241 BB.* to *Kolcaka*, *2 6-100* acres at *Waipio*, and conveyed to said grantor by deed of Aiona, Liber *60* page *157.*"

As quoted this schedule 3 describes the premises in controversy but the several figures, words and letters italicized are written in with pencil while the other parts of the instrument are written with ink. If the italicized words, figures and letters are omitted it will be seen that this schedule might be too uncertain and indefinite to convey anything.

It is contended on behalf of the defendants that the record and certified copy excluded by the court show that the italicized words and figures, the pencil additions, were not in the deed as recorded and that the blank spaces have been filled in by pencil since the execution and record. The physical appearance of this part of the deed gives strong color to the defendants' claim. It certainly requires some explanation to entitle it to full faith and credit.

The exceptions are sustained and a new trial ordered.

*Cecil Brown* and *Geo. A. Davis* for plaintiffs.

*Andrews, Peters & Andrade* for defendants.