ROBERT P. RUSSELL, Corporation Counsel Milwaukee County
You request my opinion on this question: may the duty of a judge to appoint counsel for an indigent defendant at his initial appearance be transferred to a nonjudicial body, such as a public defender's office?
Such duty (and concomitant power) are conferred by the portion of sec. 970.02 (6), Stats., which reads:
 "The judge shall in all cases where required by the U.S. or Wisconsin constitution appoint counsel for defendants who are financially unable to employ counsel, unless waived, at the initial appearance . . . ."
It is my opinion that the transfer of such duty and power (hereinafter called "power," for purposes of brevity) cannot lawfully be effected under any circumstances, including circumstances wherein the judge in question would consent to such a transfer under a law specifically authorizing him to do so.
Your above-stated request arises out of a proposed public defender plan for Milwaukee County which would, among other things, provide in effect that a non-stock, nonprofit corporation would take over, without their consent, and without any law in existence specifically authorizing such a "take-over," the power of Milwaukee County judges to appoint counsel for indigent defendants under the above-quoted provision of sec. 970.02 (6), Stats. Under such plan, it would be the corporation above-mentioned which would be given the responsibility to provide representation to all indigent defendants, with private counsel to be appointed by such corporation to represent the indigent defendant in any instance in which a staff attorney of such corporation was not available. Under such a system, the above-mentioned *Page 15 
power of Milwaukee County judges would obviously have been transferred from them to the above-described corporation.
Such a transfer of the power in question would be manifestly unlawful, in my opinion. That power now resides, by virtue of sec. 970.02 (6), Stats., in judges before whom indigent defendants make their initial appearances. It is a power exclusively theirs. For reasons set forth below, I believe it must remain so; but even if they could be stripped of such power, such a development could plainly come about only through legislation enacted by the legislature of Wisconsin, and not by virtue of mere adoption of the proposed public defender plan for Milwaukee County above mentioned. The County Board of Milwaukee County, acting to adopt such a plan, whether in concert with judges of such county or otherwise, obviously cannot erase from our statutes the power conferred on the judges of this state, including the judges of Milwaukee County, to appoint counsel for an indigent defendant upon his initial appearance, unless he waives his right to such counsel.
In my opinion, it is completely immaterial whether the Milwaukee judges assent to or oppose (as they apparently do) the transfer of the power in question by the mode above-indicated, because such transfer would be no more licit with their consent than it would be without it.
In closing this opinion, I think it advisable to state that in my judgment the power to appoint counsel for an indigent in a criminal case is a judicial power, which cannot lawfully be vested, by statute or in any other manner, in a nonjudicial person or entity, as, e.g., the corporation here involved. In my opinion, the power to appoint counsel for an indigent defendant conferred upon judges under sec. 970.02 (6), Stats., is but a codification of a power inherently judicial in nature, and long recognized as such in this state. See Carpenter v. County of Dane
(1859), 9 Wis. 249. For this reason, it is my opinion that were a statute to be enacted vesting such power in a nonjudicial person or entity or permitting judges to transfer such power to such person or entity, it would be invalid as violative of Art. VII, sec. 2, Wis. Const., which provides that the judicial power of this state "shall be vested in a supreme court, circuit courts, and courts of probate, "and, by legislation, in municipal courts to the extent deemed *Page 16 
necessary, and in "inferior courts in the several counties, cities, villages or towns . . ."
RWW:JHM:RJV