DENNIS J. FLYNN, Corporation Counsel, Racine County
You request my opinion whether Racine County can contract with a non-stock, nonprofit corporation to provide legal representation for indigents at mental hearings required by sec.51.02, Stats., or alcohol and drug abuse hearings required by sec. 51.09 (1), Stats., as amended by ch. 198, Laws of 1973.
I am of the opinion that the county can enter into a contract limited to the administrative details of providing legal services only with the concurrence of the judges of the courts involved and providing that the court, after determining that the individual involved is indigent, in each case makes the appointment of a specific attorney whom he deems competent to represent the individual and provided that the court retain power to appoint a private attorney not connected with the non-stock, nonprofit corporation where it deems such appointment to be in the public interest and in the interests of the individual involved.
Whereas the right to counsel in criminal proceedings is guaranteed to defendants by the Sixth Amendment to the U.S. Constitution and Art. I, sec. 7, Wis. Const., and sec. 970.02
(6), Stats., with *Page 324 
compensation provided for in sec. 967.06, Stats., there is no express federal or state constitutional provision or state statute which specifically provides for the appointment of counsel at public expense for indigents involved in civil actions or civil proceedings such as those required under secs. 51.02 and51.09, Stats. If indigents have right to counsel at public expense in proceedings under secs. 51.02 and 51.09, Stats., it is probably derived from the due process or equal protection of the laws' requirements of the Fourteenth Amendment to the U.S. Constitution. It may also partially rest on Art. I, secs. 1, 6, 9, 11, and 22; Art. VII, secs. 2, 8, and 20, and Art. XIV, sec.13, Wis. Const.
In Lessard v. Schmidt (1972), 349 F. Supp. 1078, 1097-1100, a three-judge federal district court held that, although sec. 51.02
(4), Stats., did provide for the appointment of a guardian adlitem, who was required to be an attorney, in civil commitment cases, such appointment could not satisfy the constitutional requirement of representative counsel. At p. 1097, the court stated:
 "There seems to be little doubt that a person detained on grounds of mental illness has a right to counsel, and to appointed counsel if the individual is indigent."
In Schmidt v. Lessard (1974), 414 U.S. 473, 94 S.Ct. 713,38 L.Ed.2d 661, the U.S. Supreme Court vacated and remanded the case to the lower court on other grounds. However, for the purposes of this opinion it is assumed that the right to counsel enunciated in the lower court's opinion is required by the federal and state constitutions.
In an opinion to the Corporation Counsel for Milwaukee County dated January 21, 1974, it was stated that "the power to appoint counsel for an indigent in a criminal case is a judicial power, which cannot lawfully be vested, by statute or in any other manner, in a nonjudicial person or entity . . ."
I am of the opinion that the power to appoint counsel for an indigent in a civil proceeding is also a judicial power. It cannot be exercised by the county board or by a non-stock, nonprofit corporation. Art. VII, sec. 2, Wis. Const. Under Art.IV, sec. 22, Wis. Const., the legislature can confer on county boards only powers of a local, legislative and administrative character. *Page 325 
In 1859, before the legislature had provided by statute that courts appoint counsel for indigent defendants and that they be compensated at public expense, the Supreme Court held that circuit courts had the power and duty to appoint counsel for indigents and that the county was liable to pay for the services of such attorney. Carpenter v. County of Dane (1859), 9 Wis. 249.
In 1860, the legislature enacted a statute which provided that "where in a criminal action or proceeding, any attorney or counselor shall defend the person charged with any offense, by order of the court or otherwise, the county in which such action or proceedings arose shall not be held liable to pay the attorney or counselor for services in making such offense." In County ofDane v. Smith (1861), 13 Wis. *585, the court held that the statute was void, that the legislature could not impose the duty of defense on an attorney without compensation, and that the power of the court to appoint counsel for the indigent in criminal cases was derived from the common law. The Supreme Court stated that the legislature could not limit the court's exercise of judicial power and that the liability of the county results from the existence and exercise of the power.
The courts established by the constitution are endowed with all the incidental, implied, or inherent powers, not expressly limited by the constitution, which are essential to the efficient performance of the judicial functions delegated to them. State v.Cannon (1929), 199 Wis. 401, 226 N.W. 385.
In 20 Am. Jur. 2d, Courts, sec. 79, pp. 440, 441, it is stated:
 "Courts have inherent power to do all things that are reasonably necessary for the administration of justice within . . . their jurisdiction. . . . courts have inherent power . . . to provide counsel for the indigent . . ."
In Knox County Council v. State ex rel. McCormick (1940),217 Ind. 493, 29 N.E.2d 405, it was held that a court has inherent power and authority to incur and order paid all expenses necessary for the holding of court and the administration of its duties and that the power to appoint counsel for indigent defendants in criminal cases is derived from the constitution and not from the legislature and cannot be directed, controlled or impeded by other departments of government. Thus it held that a statute which denied courts to make *Page 326 
allowances for payment of court appointed counsel, unless the county council had made sufficient appropriation and had established limitations on its use, was invalid and that the orders of the court establishing the amount due and ordering payment were valid.
The legislature has recognized that the power to determine indigency and power to appoint counsel for an indigent defendant is judicial. Sec. 970.02 (1) (b), (6), Stats.
Section 260.22, Stats., provides that the court or a judge may appoint a guardian ad litem who is an attorney for a minor or mentally incompetent person.
Section 256.49, Stats., recognizes the power of the court to fix the compensation for services of court appointed attorneys even where a statute fixes a fee for certain designated services. In Schwartz v. Rock County (1964), 24 Wis.2d 172,128 N.W.2d 450, it was held that the ultimate responsibility of determining the amount of the fees is with the court.
Assuming as we have that the indigent has a right to counsel at a mental hearing or alcohol and drug abuse hearing, it is my opinion that the rationale involved in the indigent criminal defendants' cases noted above applies. The duty and right to determine indigency, appoint counsel and to fix reasonable fees for the legal services performed is judicial in nature and must be exercised by the court or in conformance with specific approval of the courts involved. Any power of the county board to contract is limited to administrative details. Judicial power may not be delegated to a private nonprofit corporation. Where appointment is made by the court and the court determines the reasonableness of the fees for services performed, the county is liable to pay the same.
RWW:DCM:RJV