SHIRLEY S. ABRAHAMSON, J.
¶ 82. (dissenting). On April 14, 2011, the defendant was charged with delivering heroin and made his initial appearance *573 in court, where he was represented by a public defender. The defendant thereafter made incriminating statements during two custodial interrogations.
¶ 83. The core issue presented is whether Article I, Section 7 of the Wisconsin Constitution, which affords the defendant the right to counsel, requires suppression of the defendant's incriminating statements.[1] I conclude that it does.
1 84. The law enforcement agent who interrogated the defendant was apparently unaware that charges had been filed against the defendant and that the defendant was represented by counsel. The agent did not contact the defendant's attorney and the defendant's attorney was not present for the interrogations. Instead, the agent read the defendant his Miranda rights,[2] which the defendant waived.
¶ 85. In considering whether the custodial interrogations of the defendant were permissible under the Wisconsin Constitution in light of the defendant's Miranda waiver, and thus whether the defendant's incriminating statements were admissible at trial, I would adhere to this court's reasoning in State v. Dagnall, 2000 WI 82, 236 Wis. 2d 339, 612 N.W.2d 680.
¶ 86. Dagnall established that once an accused is formally charged with a crime and is represented by counsel on that charge, the accused need not unambiguously invoke the right to counsel to be protected *574 from police-initiated interrogation.[3] Rather, subsequent police-initiated interrogation is necessarily improper. Any statements made by a defendant during such interrogation must be suppressed.[4] A waiver of the defendant's Miranda rights will not render the interrogation constitutional or the defendant's statements admissible.[5]
¶ 87. As Justice Ziegler and Justice Gableman have written, Dagnall articulated a "sound, fair, and workable standard."[6]
¶ 88. Further, the Dagnall rule fits with Wisconsin's long and cherished history of recognizing and protecting an accused's right to an attorney under the Wisconsin Constitution.
¶ 89. In 1859, just 11 years after Wisconsin achieved statehood, this court declared that an accused has a fundamental right to an attorney under the Wisconsin Constitution.[7] The court reasoned that the right to a full and fair trial afforded by the Wisconsin Constitution is meaningless when the accused cannot obtain counsel.[8] Accordingly, the court *575 instructed counties to appoint attorneys to represent indigent felons at government expense.[9]
¶ 90. It was not until 1963, a full 104 years later, that the United States Supreme Court recognized a similar right under the federal constitution.[10]
¶ 91. Given this history, there can be no question that the state constitutional right to counsel stands apart from, and has meaning independent of, the corollary right under the federal constitution. The longstanding state constitutional right to counsel must be protected irrespective of the United States Supreme Court's evolving interpretation of the federal constitution. As explained in State v. Doe, 78 Wis. 2d 161, 172, 254 N.W.2d 210 (1977), this court "will not be bound by the minimums which are imposed by the Supreme Court of the United States if it is the judgment of this court that the Constitution of Wisconsin . . . require [s] that greater protection of citizens' liberties ought to be afforded."
¶ 92. Thus, although the United States Supreme Court has rejected the Dagnall rule in its interpretation of the federal constitution,[11] this court need not and should not do the same in its interpretation of the *576 state constitution.[12] Unlike the approach taken by the majority opinion today, the Dagnall rule meaningfully protects "an accused's right to counsel in pre-trial interrogation," which is "imperative to protect the trial rights of an accused and to enhance the integrity of the fact-finding process."[13]
¶ 93. I would adhere to Dagnall and would continue this court's 156-year history of steadfastly protecting defendants' right to counsel under the state constitution.
¶ 94. For the reasons set forth, I dissent.
¶ 95. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

 "In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel. . .." Wis. Const. Art. 1, §7.

 See Miranda v. Arizona, 384 U.S. 436 (1966) (holding that before a law enforcement officer can interrogate a person in custody, that person must be informed of specified rights).

 State v. Dagnall, 2000 WI 82, ¶ 61, 236 Wis. 2d 339, 612 N.W.2d 680.

 Id., ¶¶ 64-66.

 Id., ¶ 65.

 See majority op., ¶ 36.

 Carpenter v. Dane County, 9 Wis. 249 (*274) (1859). See also County of Dane v. Smith, 13 Wis. 654 (*585), 656-57 (*586-88) (1851).

 Carpenter, 9 Wis. at 251 (*276) ("[W]ould it not be . . . mockery to secure to a pauper these solemn constitutional guaranties for a fair and full trial. . . and yet say to him when on trial, that he must employ his own counsel, who could alone render these guaranties of any real [] value to him[?]").

 Carpenter, 9 Wis. at 252 (*277) ("It seems eminently proper and just that the county . . . should pay an attorney for defending a destitute criminal.").

 Gideon v. Wainright, 372 U.S. 335, 344 (1963) ("[I]n our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him."). See also State v. Forbush, 2011 WI 25, ¶ 71, 332 Wis. 2d 620, 796 N.W.2d 741 (Abrahamson, C.J., concurring); State v. Jennings, 2002 WI 44, ¶ 65, 252 Wis. 2d 228, 647 N.W.2d 142 (Abrahamson, C.J., dissenting).

 See Montejo v. Louisiana, 556 U.S. 778 (2009).

 See Forbush, 332 Wis. 2d 620, ¶¶ 66-71 (Abrahamson, C.J., concurring).

 Id., ¶ 78 (Abrahamson, C.J., concurring).