STATE of Wisconsin, Plaintiff-Respondent,

v.

Arvid A. DEAN, Defendant-Appellant.

Court of Appeals

*Nos. 90–1974–CR, 90–1975–CR. Submitted on briefs January 16, 1991.—Decided May 29, 1991.*

(Also reported in 471 N.W.2d 310.)

506

On behalf of defendant-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner,* assistant state public defender.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Phillip A. Koss,* district attorney and *Jayne Davis Dewire,* assistant district attorney.

Before Brown, Scott and Anderson, JJ.

ANDERSON, J. Arvid E. Dean appeals two convictions of operating a motor vehicle while under the

507

influence of an intoxicant (OWI), contrary to sec. 346.63(1)(a), Stats. Dean also appeals from an order denying a portion of his motion for postconviction relief. The issue is whether the trial court's refusal to appoint counsel based solely on the state public defender's determination of nonindigency was a denial of his right to counsel. Because this court concludes that Dean was denied his right to counsel when Judge John R. Race and Judge Robert J. Kennedy deferred to the public defender's findings without additional inquiry into the necessity of appointed counsel, we reverse the judgments and order, and remand for a new trial.

At Dean's initial appearance on the first OWI arrest, he told Judge Kennedy that he could afford to retain private counsel. However, after contacting an attorney, Dean concluded that he could not afford to hire an attorney and sought representation from the public defender. The public defender's office determined that Dean was not indigent based on the criteria found in sec. 977.07(2), Stats., and Wis. Adm. Code sec. *SPD 3.01 et seq.* Dean requested judicial review of this determination. Judge Kennedy approved the public defender's calculations and found that Dean had sufficient assets to hire an attorney. At the conclusion of the hearing, Dean executed a waiver of counsel form although he still wanted an attorney.

Subsequently, Dean made an initial appearance on the second OWI arrest; he immediately claimed indigency and was referred to the public defender. Again the public defender determined that Dean was not indigent; Judge Kennedy denied Dean's request for appointed counsel; and, Dean executed a waiver of counsel form.

Dean appeared without counsel to enter a plea of guilty to the two OWI charges. Judge Kennedy found him guilty of both charges. On the first charge he was

508

sentenced to six months in the county jail, and on the second charge he was given a consecutive five-month jail term.

For postconviction proceedings, Dean qualified for representation from the public defender. Dean filed a motion for postconviction relief alleging that Judge Kennedy abused his sentencing discretion and that he was denied his right to the assistance of counsel.

During the postconviction hearing, the district attorney stipulated that Dean had been indigent when he was convicted of the two separate OWI offenses. However, the trial court refused to review independently the public defender's indigency findings and a request to vacate Dean's conviction on the ground that he was denied his right to counsel. Judge Race stated:

> Once the public defender's office has made that finding, it's my practice in this court and I think it was Judge Kennedy's practice, not to go beyond that and impose representation on the Public Defender's office because we know what the effect of it is . . .. We further know the county will be billed for it . . .. I don't have separate standards. If there's mathematical error made, I would hear it. But if the standards of the Public Defender's office are met, I don't appoint and I don't propose to appoint.

Judge Race also stated that "Judge Kennedy before me and this Court simply find that if the Public Defender determines that the working poor are not indigent . . . the Court has to give administrative rules and regulations deference."

Dean obtained an order for postconviction relief from Judge Race, which reduced his imprisonment for each conviction to thirty days.

The issue presented to this court is whether the trial court's refusal to appoint counsel based solely on the

state public defender's determination of nonindigency was a denial of Dean's right to counsel. Both parties confine their arguments to the scope of review under sec. 977.07(3), Stats.[1] Therefore, the resolution requires us to proceed under two separate analyses. First, what is the scope of the trial court's review under sec. 977.07(3), and second, what additional considerations apart from sec. 977.07(3) are required for the court's final determination of whether counsel should be appointed to the defendant.

The first analysis involves the construction of sec. 977.07(3), Stats. Construction of a statute is a question of law which this court considers *de novo. State v. Fouse,* 120 Wis. 2d 471, 476, 355 N.W.2d 366, 369 (Ct. App. 1984). The primary source for the construction of a statute is the language of the statute itself. *State v. Sher,* 149 Wis. 2d 1, 8–9, 437 N.W.2d 878, 880 (1989). When the statutory language is clear and unambiguous, the court is to arrive at the intention of the legislature by giving the language its ordinary and accepted meaning. *State v. Engler,* 80 Wis. 2d 402, 406, 259 N.W.2d 97, 99 (1977). The issue involves the scope of the phrase "review any indigency determination."

In sec. 977.07(2), Stats., the legislature clearly set forth the criteria the public defender's office must use when making a determination of indigency for a defendant to qualify for public defender representation. Section 977.07(3), providing for review, immediately fol-

---

[1]Section 977.07(3), Stats., reads in relevant part:

(3) A circuit court may review any indigency determination upon its own motion or the motion of the defendant and shall review any indigency determination upon the motion of the district attorney or the state public defender.

lows. The scope of the trial court's review under sec. 977.07(3), then is to examine the public defender's application of the legislative criteria and the accompanying mathematical computations. Thus, under sec. 977.07(3), the court's "review [of] any indigency determination" is limited to determining whether the public defender properly followed the legislative criteria.

The trial court's finding of fact may not be overturned on appeal unless it is clearly erroneous. *State v. Buelow,* 122 Wis. 2d 465, 470 n.1, 363 N.W.2d 255, 259 (Ct. App. 1984). Both parties agree that it was not clearly erroneous for Judge Kennedy and Judge Race to conclude that Dean was not indigent based solely on the legislative criteria for public defender representation.

While this is the end of the inquiry concerning the public defender's determination of indigency, it is not, however, the end of the trial court's inquiry concerning the defendant's right to counsel. An indigent defendant is entitled to be assisted by appointed counsel. *State v. Scarbrough,* 55 Wis. 2d 181, 186, 197 N.W.2d 790, 792 (1972). Whether Dean was denied a constitutional right is a question of constitutional fact that we review independently. *State v. Cloud,* 133 Wis. 2d 58, 61, 393 N.W.2d 123, 124–25 (Ct. App. 1986).

Courts have observed that there can be no equal justice where the kind of trial a person receives depends on the amount of money he or she has. *Smith v. Bennett,* 365 U.S. 708, 710 (1961). This reasoning extends to all categories of criminal seriousness where imprisonment is involved. *Argersinger v. Hamlin,* 407 U.S. 25, 37 (1972). Furthermore, the public defender's office is not the exclusive means of providing counsel to indigent defendants. *State ex rel. Chiarkas v. Skow,* 160 Wis. 2d 123,

138, 465 N.W.2d 625, 630 (1991) (quoting *Douglas County v. Edwards,* 137 Wis. 2d 65, 77, 403 N.W.2d 438, 444 (1987)). There are situations, as here, where a defendant does not meet certain indigency criteria, but nevertheless is unable to afford counsel. *See* 2 W. LaFave & J. Israel, *Criminal Procedure* sec. 11.2, at 28 (1984).

While counsel for both sides look to federal cases that discuss the right to counsel, this rich tradition is also well-established in Wisconsin. Court appointed counsel for indigents was recognized in the early case of *Carpenter v. County of Dane,* 9 Wis. 249 (*274), 253 (*278) (1859), and was reiterated in *State ex rel. Fitas v. Milwaukee County,* 65 Wis. 2d 130, 221 N.W.2d 902 (1974). The court stated:

> We conclude, without difficulty, that the appointment of counsel ought to be made by a judge or under the aegis of the judicial system. Attorneys are officers of the court and the duty to furnish representation derives from constitutional provisions that place the responsibility upon courts. That responsibility has been traditionally discharged by courts. It is within the inherent power of the courts to appoint counsel for the representation of indigents.

*Id.* at 134, 221 N.W.2d at 904–05 (citations omitted).

Although *Carpenter* and its progeny predate the state public defender system, judicial policy clearly establishes that an indigent be provided counsel. The supreme court has stated that:

> This power and duty [is] based on common law and supported by arguments from the various provisions of sec. 7, art. I of the Wisconsin constitution providing an accused with the right to assistance of counsel and with other rights calculated as necessary to secure a fair trial; the justice and humane result aris-

ing from the exercise of such power; the interest of the public in the correct and fair administration of its criminal laws; and the practice of the courts from the first organization of the government.

*Sparkman v. State,* 27 Wis. 2d 92, 98-99, 133 N.W.2d 776, 780 (1965).

The legislature cannot limit who is constitutionally entitled to an attorney. The creation of the public defender's office is not the exclusive means for assuring counsel to indigents and did not negate the inherent power of the court to appoint when the public defender declines to act. *Douglas County v. Edwards,* 137 Wis. 2d 65, 77, 403 N.W.2d 438, 444 (1987). The trial court therefore is required to go beyond the public defender's determination that a defendant does not meet the legislative criteria and determine whether the "necessities of the case" and the demands of "public justice and sound policy" require appointing counsel. *See Sparkman,* 27 Wis. 2d at 98, 133 N.W.2d at 780.

Thus, although the legislature's indigency criteria are not met, the court can still declare the defendant indigent for purposes of appointing counsel to protect the defendant's constitutional right to counsel. While the trial court clearly has the power to appoint under these circumstances, the defendant also has a well-defined role. In review of a public defender indigency determination, the defendant has the burden of proving indigency by a preponderance of the evidence. *Buelow,* 122 Wis. 2d at 472, 363 N.W.2d at 259-60. Whether the defendant has the financial means to obtain counsel is a question of fact. *Id.* at 470, 363 N.W.2d at 259. It is the defendant who possesses the facts necessary to explain why he or she is unable to retain private counsel. *Id.* at

472, 363 N.W.2d at 259. The same reasoning in *Buelow* leads us to conclude that the burden of proof in *Buelow* also applies to situations where the defendant seeks to invoke the court's inherent power to appoint counsel. Whether the facts require the appointment of counsel is left to the sound discretion of the trial court. *See Edwards,* 137 Wis. 2d at 76, 403 N.W.2d at 444.

A defendant who seeks appointed counsel must present evidence to the trial court of his or her assets, income, liabilities and attempts to retain counsel. The trial court is not required to conduct an independent inquiry but must ask enough questions of the defendant so that the trial court can decide the question of indigency or order the defendant to report further to the trial court on the issue of indigency. When the trial court is deciding the question of indigency, it must consider whether the defendant has sufficient assets to retain private counsel at the market rate prevailing in the community.

The trial court cannot restrict itself to the criteria mandated by the legislature in sec. 977.07(2), Stats. The court should consider all relevant evidence presented by the defendant that is material to the defendant's present ability to retain counsel. The trial court also must disregard the public defender's established cost of retained counsel in Wis. Adm. Code sec. *SPD 3.02(1)* and consider the fees charged by local private counsel in similar cases. The review at this stage will ultimately involve examining on a case-by-case basis, factors and circumstances that the legislature is ill-equipped to consider.

We conclude that both Judge Kennedy and Judge Race erred in the exercise of discretion when they failed

to appoint counsel for Dean. The facts clearly show that counsel should have been appointed to Dean before each conviction. At the postconviction hearing, counsel for the state stipulated to Dean's indigency during each conviction. Dean's financial status and efforts to retain private counsel were developed fully at the postconviction hearing and indicated that Dean was unable to afford counsel at the market rate. Judge Race specifically stated that Dean could not afford an attorney. However, in spite of the facts presented, the trial court found him not entitled to counsel by total deference to the public defender's initial determination.[2]There was no further inquiry into Dean's circumstances or to the market rate for attorneys practicing in the private bar.[3] Thus, both judges failed to properly exercise their discretion and Dean was denied his right to counsel.

One reason Judge Race resisted Dean's argument that the trial court possesses inherent power to appoint counsel in the present situation was because he was reluctant to impose the cost on the county. The cost for appointed counsel has been imposed on the county since *Carpenter* and *County of Dane v. Smith,* 13 Wis. 654 (*585) (1861). *See Sparkman,* 27 Wis. 2d at 98, 133 N.W.2d at 780. In *Edwards,* the court stated that these cases stand for the proposition that when the state public defender declines to act, the "necessities of the case"

---

[2]As an alternative, regulations under Wis. Adm. Code sec. *SPD 3.04* permit a finding of "partial indigency" by the court and a requirement that the person make partial payment to the state public defender. *See also* sec. 977.07(2), Stats.

[3]The local public defender in this matter testified that in her experience the retainer charge for legal representation for criminal traffic cases is between $500 and $1000. In contrast, the public defender's rate for a "traffic misdemeanor" was $300 under Wis. Adm. Code sec. *SPD 3.02(1).*

and the demands of "public justice and sound policy" require that the county be obligated to pay for appointed stand-by counsel. *Edwards,* 137 Wis. 2d at 85, 403 N.W.2d at 447.

At the postconviction hearing, the state argued that Dean's waiver of counsel must stand because Dean did not meet his burden to show that the waiver was not knowingly made nor was it voluntary. The waiver of his constitutional right to counsel does not waive the inherent power of the trial court to appoint counsel. *See Edwards,* 137 Wis. 2d at 76, 403 N.W.2d at 443–44. The trial court has the authority to appoint counsel whenever in the exercise of its discretion it deems such action necessary. *Id.* Thus, Dean's waiver does not preclude the trial court from appointing counsel when the necessities of the case and demands of justice require the appointment.

We conclude that the necessities of the case and the demands of justice required both judges to appoint counsel to Dean. Thus, because Dean was denied assistance of counsel, we remand for a new trial.

*By the Court.*—Judgments and order reversed and cause remanded with directions.