IN RE the MATTER OF APPOINTMENT OF COUNSEL IN
STATE V. Leslie M. PIRK:

Leslie M. PIRK, Appellant,

v.

DANE COUNTY, Respondent.

Court of Appeals

*No. 92–3001. Submitted on briefs March 11, 1993.—Decided
March 25, 1993.*

(Also reported in 499 N.W.2d 280.)

503

For the appellant the cause was submitted on the brief of *Leslie M. Pirk, pro se,* of Waupun.

No respondent brief was filed.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. Leslie Pirk appeals from an order denying his motion for appointment of appellate coun-

sel.[1] He pleaded no contest to two counts of first-degree sexual assault, sec. 940.225(1), Stats. After he was sentenced, Pirk gave notice of intent to pursue post-conviction relief. In his notice of intent, Pirk stated he had privately retained trial counsel but lacked financial ability to retain counsel to pursue post-conviction relief, and he requested that the state public defender appoint counsel for that purpose. The public defender determined that Pirk was financially ineligible for public defender representation.

Pirk requested that the trial court review the public defender's decision. The court found that the public defender had applied the appropriate regulations in reaching its decision on indigency. The public defender had found that Pirk's funds equaled $3,059, and the court affirmed that finding. After considering the assets, income and financial obligations of Pirk and his wife, the court found that he "has adequate funds to retain counsel for an appeal (a cost set at $1500 by SPD administrative regulations)." The court found that Pirk is not indigent and denied his motion for appointment of counsel.

Because we conclude it is likely that the trial court restricted its analysis to the state public defender's criteria for appointment of counsel, we reverse and remand for further consideration.

Wisconsin has recognized the right of an indigent defendant in a criminal proceeding to court-appointed counsel since 1859. *Carpenter v. County of Dane*, 9 Wis. 249, [*274], 253, [*278] (1859). The United States

---

[1] The appeal is unusual in that the state has not responded. The state public defender declined to submit a brief. We expedited the appeal.

Supreme Court later concluded that the right was constitutional. *Gideon v. Wainwright*, 372 U.S. 335 (1963).

The right of an indigent to counsel does not hinge on the indigency criteria the public defender follows. When creating the state public defender office the legislature intended to structure a comprehensive state-wide program to deal with the appointment of counsel for indigent defendants, but that program has not limited the inherent power of the court to appoint counsel when the public defender declines to act. *Contempt in State v. Lehman*, 137 Wis. 2d 65, 76-77, 403 N.W.2d 438, 444 (1987). If a criminal defendant does not meet the criteria for appointment through the state public defender, the trial court should nevertheless determine whether the defendant is indigent, and if he or she is indigent, the trial court should appoint counsel from the private bar. *State ex rel. Chiarkas v. Skow*, 160 Wis. 2d 123, 138-39, 465 N.W.2d 625, 630-31 (1991).

When determining whether the defendant is indigent,

> The trial court cannot restrict itself to the criteria mandated by the legislature in sec. 977.07(2), Stats. [determination of indigency]. The court should consider all relevant evidence presented by the defendant that is material to the defendant's present ability to retain counsel. The trial court also must disregard the public defender's established cost of retained counsel in Wis. Adm. Code sec. SPD 3.02(1) and consider the fees charged by local private counsel in similar cases. The review at this stage will ultimately involve examining on a case-by-case basis, factors and circumstances that the legislature is ill-equipped to consider.

*State v. Dean*, 163 Wis. 2d 503, 514, 471 N.W.2d 310, 315 (Ct. App. 1991).

Since we cannot predict whether the trial court will appoint counsel for Pirk, we need not decide which unit of government would be responsible for payment of his legal expenses.

*By the Court.*—Order reversed and cause remanded.