IN RE the APPOINTMENT OF COUNSEL IN STATE V. Richard J. WITTIG:

STATE PUBLIC DEFENDER, Appellant,

v.

CIRCUIT COURT FOR FOND DU LAC COUNTY and Hon. John W. Mickiewicz, Respondents.

Court of Appeals

Nos. 94–2947, 94–2948. *Submitted on briefs August 22, 1995.—Decided October 25, 1995.*

(Also reported in 542 N.W.2d 458.)

On behalf of the appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Mary Woolsey Schlaefer*, assistant attorney general.

On behalf of the respondents, the cause was submitted on the brief of *John A. St. Peter* and *Paul W. Rosenfeldt* of *Edgarton, St. Peter, Petak, Massey & Bullon* of Fond du Lac.

On behalf of the Wisconsin Counties Association, there was an amicus curiae brief by *Robert Horowitz* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J.   The State Public Defender (SPD) appeals from an order requiring its office to appoint counsel for Richard J. Wittig at state expense without right of reimbursement from Fond du Lac County. The SPD had determined that Wittig did not qualify as

indigent according to its written standards. *See* WIS. ADM. CODE §§ PD 3.01-3.06. Judge John W. Mickiewicz reviewed this determination and ruled that the SPD had properly concluded that Wittig did not qualify as indigent. The court then determined that the SPD administrative rules defining indigency are more narrowly drawn than the legislature intended and are therefore invalid. Because we conclude that the court did not have jurisdiction to invalidate the rule, we reverse.

Wittig was charged with three misdemeanors in two separate court cases.[1] He completed an indigency evaluation form for each case, requesting appointment of counsel by the SPD office. Based on the information Wittig provided, the SPD determined that he was not indigent according to its written standards. *See* WIS. ADM. CODE §§ PD 3.03, 3.038.

Wittig then filed a motion requesting appointment of counsel, at public expense, based on indigency.[2] A hearing was held on the motion, and the court conducted a review of the SPD's determination of indigency. The court found that the SPD had properly concluded that Wittig did not qualify as indigent under

---

[1] There was a third case, scheduled to be heard before a different judge, for which Wittig also filed an indigency affidavit. That case is not part of this appeal.

[2] If an individual fails to qualify for a state public defender under WIS. ADM. CODE §§ PD 3.01-3.06, the court is still bound to determine whether the individual is unable to afford counsel. *See State v. Dean,* 163 Wis. 2d 503, 511, 471 N.W.2d 310, 313-14 (Ct. App. 1991). If the court determines that a defendant's situation requires the appointment of counsel, the cost for appointed counsel is imposed on the county. *Id.* at 515-16, 471 N.W.2d at 315.

WIS. ADM. CODE §§ PD 3.01-3.06.[3] However, based on Wittig's indigency affidavit and responses to questions, the court determined that Wittig met a "constitutional, or working, real-world definition of indigency," and therefore required the appointment of counsel. Following this, the court found that the administrative regulations of the SPD's office are unreasonably narrow and "do not meet the mandate of Chapter 977 . . .."[4] Interpreting the legislature's mandate in ch. 977, STATS., as providing counsel at state expense for *all* indigent defendants, the court then ordered the SPD to provide counsel for Wittig at state expense, and this appeal followed.

■■■

An appellate court is not bound by a trial court's conclusions of law and decides the matter de novo. *First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). Although our standard of review is de novo, we nonetheless value the trial court's decision. *Scheunemann v. City of West Bend,* 179 Wis. 2d 469, 475, 507 N.W.2d 163, 165 (Ct. App. 1993). Just as statutory interpretation presents a question of law, so does the interpretation of a regulation. *Franklin v. Housing Auth.,* 155 Wis. 2d 419, 425-26, 455 N.W.2d 668, 672 (Ct. App. 1990). A matter of statutory construction is resolved without deference to the trial court. *Wisconsin Hosp. Ass'n v. Natural*

---

[3] This section is entitled "Indigency Criteria" and outlines the computations that must be made in order to determine an individual's eligibility for defense counsel at state expense.

[4] "Chapter 977" refers to §§ 977.01-977.10, STATS., which is the legislation establishing the state public defender board and delineating its power to promulgate rules to carry out its mandates, including rules relating to indigency determinations.

*Resources Bd.,* 156 Wis. 2d 688, 705, 457 N.W.2d 879, 886 (Ct. App. 1990).

We first discuss the jurisdictional grounds for the trial court's order. If, as we conclude, the court lacked subject matter jurisdiction, then the issue of the validity of the SPD rules regarding indigency is not before this court. If the trial court lacked jurisdiction, we lack appellate jurisdiction. *Harris v. Reivitz,* 142 Wis. 2d 82, 90, 417 N.W.2d 50, 53 (Ct. App. 1987).

█

Where a specified method of review is prescribed by statute, the method so prescribed is exclusive. *Sewerage Comm'n v. DNR,* 102 Wis. 2d 613, 630, 307 N.W.2d 189, 198 (1981). Failure to strictly comply with the prescribed procedure deprives the court of subject matter jurisdiction to conduct the review. *Harris,* 142 Wis. 2d at 92, 417 N.W.2d at 54.

Section 227.40, STATS., establishes the exclusive means for obtaining a judicial determination of the validity of an administrative rule.[5] *See Sewerage Comm'n,* 102 Wis. 2d at 629, 307 N.W.2d at 197; *see also Liberty Homes, Inc. v. DILHR,* 136 Wis. 2d 368, 373, 401 N.W.2d 805, 807 (1987). Section 227.40 provides in relevant part:

**Declaratory judgment proceedings.**

**(1)** Except as provided in sub. (2), the exclusive means of judicial review of the validity of a rule shall be an action for declaratory judgment as to the validity of such rule brought in the circuit court for Dane county. The officer, board, commission or other agency whose rule is involved shall be the party defendant.

---

[5] Prior to April 22, 1986, § 227.40, STATS., was numbered § 227.05, STATS.

The exceptions set forth in sub. (2) allow the court to determine the validity of a rule if such a determination is material to one of the following:

(a) Any civil proceeding by the state or any officer or agency thereof to enforce a statute or to recover thereunder . . . .

(b) Criminal prosecutions;

(c) Proceedings or prosecutions for violations of county or municipal ordinances;

(d) Habeas corpus proceedings relating to criminal prosecution;

(e) Proceedings under s. 66.191, 1981 stats., or s. 40.65(2), 101.22, 303.07(7) or 303.21 or ss. 227.52 to 227.58 or under ch. 102, 108 or 949 for review of decisions and orders of administrative agencies . . ..

Under the listed exceptions, § 227.40(2)(b), STATS., is the only provision that could arguably apply to these facts. Under subsec. (2)(b), a court is authorized to determine the validity of an administrative rule if it is material to a criminal prosecution. We conclude that the meaning of "criminal prosecution" in para. (b) is ambiguous because it is not clear what types of proceedings that phrase encompasses. A statute is ambiguous if reasonable persons could disagree as to its meaning. *LaRene v. LaRene,* 133 Wis. 2d 115, 119, 394 N.W.2d 742, 744 (Ct. App. 1986).

Because of this ambiguity, we look to legislative history and extrinsic aids. The aim of statutory construction is to determine the intent of the legislature, which may be discerned from extrinsic aids, including the legislative history. *Wieczorek v. City of Franklin,* 82

Wis. 2d 19, 23, 260 N.W.2d 650, 652 (1978). We apply rules of statutory construction to determine whether a proceeding to review the SPD's determination of indigency is a "criminal prosecution."

A "prosecution," according to BLACK'S LAW DICTIONARY 1221 (6th ed. 1990), is "[a] criminal action; a proceeding . . . for the purpose of determining the guilt or innocence of a person charged with crime." While Wittig has been charged with several misdemeanors, the purpose of the hearing from which the appeal arises was to review the SPD's indigency determination. It was not the purpose of the hearing to make any determination of Wittig's guilt or innocence, but merely to decide whether Wittig was eligible for court-appointed counsel.

The legislative history of § 227.40, STATS., provides further support for this position. In explaining the forms of proceedings in which the validity of a rule may be reviewed, one example cited is if "a person is charged in a criminal action with violating a rule, he clearly can contest the validity of the rule in that action." REPORT OF THE WISCONSIN LEGISLATIVE COUNCIL, VOL. II, PART I, CONCLUSIONS AND RECOMMENDATIONS OF THE COMMITTEE ON ADMINISTRATIVE RULE MAKING, at 8 (Dec. 1954). There is no mention of proceedings such as the indigency hearing conducted in this case. *See* § 977.07(3), STATS.

We conclude that a proceeding under § 977.07(3), STATS., to review the SPD's determination that Wittig was not indigent is not one of the types of proceedings in which a court is authorized under § 227.40(2), STATS., to determine the validity of an administrative rule. Since that is the case, we are left with the requirements of § 227.40(1). As outlined in that subsection, the exclusive means of judicial review is an action for

declaratory judgment brought in the circuit court for Dane County.

Having failed to follow the procedures outlined in § 227.40(1), STATS., the court was without subject matter jurisdiction to invalidate the SPD rule. Accordingly, we reverse the order of the trial court.

*By the Court.*—Order reversed.