City of Sheboygan, Plaintiff-Respondent,
v.
Alonna L. Koenig, Defendant-Appellant.
No. 03-1713.
Court of Appeals of Wisconsin.
Opinion Filed: April 14, 2004.
¶1 SNYDER, J.[1]
Alonna L. Koenig appeals from a judgment of operating a motor vehicle while intoxicated (OWI) and driving with a prohibited alcohol content (PAC). Koenig contends that the circuit court erred in three respects: (1) refusing to consider a prior inconsistent statement made by an arresting officer, (2) finding that Koenig's husband consented to the police entering the Koenig's home, and (3) deciding that the procedure for service of process under WIS. STAT. § 59.34(1)(c) did not apply in this case. We disagree and affirm the judgment.

FACTS
¶2 On August 20, 2002, City of Sheboygan police received a phone call reporting a possible drunk driver. Police officers were dispatched to the home of Robert Fenn to investigate. Fenn indicated that he did not see the vehicle, but that a woman named Mary Pippert had come to his door asking to use his phone to make the report. Fenn stated that the suspect vehicle had left the area, and that Pippert was still following it. The suspected intoxicated driver, it was later determined, was Koenig.
¶3 Pippert followed the vehicle to a day care center. She followed Koenig into the day care to request that the staff prevent Koenig from leaving and driving with the child. The day care staff refused to detain Koenig, but agreed to call Koenig's husband. Pippert continued to follow Koenig, finally pulling in front of the Koenig vehicle and blocking the way. Pippert approached Koenig and told her she should not be driving, especially with a child in the car. Koenig told Pippert that she lived in the house at the corner of that street, but did not get out of the car. Pippert went to the house and learned that Koenig did not live there. Pippert again borrowed the phone to call police. She provided a license plate number and described the driver as a blonde female. When Koenig started driving again, Pippert followed her.
¶4 The police, running the license plate number and considering the physical description provided by Pippert, determined that the vehicle was most likely driven by Koenig, who was the Sheboygan County sheriff. Sheboygan Police Officer Trisha Burington was sent to the Koenig home. Because of the nature of the investigation, the police department also assigned a supervisor, Lieutenant Jim Tetzlaff, to go with Burington. Police Captain Al Wanek contacted Sheboygan County District Attorney Bob Wells, who advised the police to enter the home, using force if necessary.
¶5 The police arrived at Koenig's home approximately ninety minutes after they received the first report of a suspected drunk driver. They interviewed Pippert, who described the events that occurred while following Koenig. Police then talked to Michael Koenig, Alonna's husband. Michael indicated that his wife could not talk to them because she was asleep. Eventually, Michael agreed to rouse her. Koenig was taken into custody and transported to the hospital for a blood test. At the hospital, Burington filled out and served Koenig with a citation for OWI, contrary to WIS. STAT. § 346.63(1)(a). The blood test results showed a blood alcohol content of 0.256%, and Koenig was then cited for PAC, contrary to §346.63(1)(b).
¶6 An administrative suspension hearing took place at the Department of Motor Vehicles on September 18, 2002. At the hearing, Burington testified that Michael did not give officers permission to enter the Koenig residence until Tetzlaff had a discussion with Michael and convinced him to allow officers to enter.
¶7 Subsequent to the administrative hearing, Koenig moved the circuit court to suppress evidence obtained after the police entered the home. At the October 15, 2002 motion hearing, Burington testified that she did not recall a conversation where Michael refused to give police permission to enter their home. Koenig attempted to introduce the suspension hearing testimony at the trial, but the circuit court did not allow the prior statements into evidence.
¶8 Koenig brought a second motion, challenging the jurisdiction of the court based upon invalid service of process under WIS. STAT. § 59.34(1)(c), which states that the county coroner shall "[s]erve and execute process of every kind and perform all other duties of the sheriff when the sheriff is a party to the action." The court denied Koenig's motion.

DISCUSSION
¶9 First, Koenig argues that the circuit court's exclusion of Burington's prior inconsistent testimony prevented Koenig from exercising her constitutional right to present a defense. The circuit court excluded Burington's administrative hearing testimony based on WIS. STAT. § 343.305(8)(b)3, which states, "The hearing examiner shall conduct the administrative hearing in an informal manner. No testimony given by any witness may be used in any subsequent action or proceeding." Koenig asserts that this statute was enacted to "allow a defendant to speak on his or her own behalf at the suspension hearing, without running the risk of that statement later being used against him or her." The court's application of the statute to Burington's testimony, Koenig argues, is inappropriate because it violates her due process right to present a defense.
¶10 Interpretation of a statute presents a question of law, which we consider de novo. State v. Dean, 163 Wis. 2d 503, 510, 471 N.W.2d 310 (Ct. App. 1991). "The primary source for the construction of a statute is the language of the statute itself." Id. When the statutory language is clear and unambiguous, we arrive at the intention of the legislature by giving the language its ordinary and accepted meaning. Id.
¶11 Koenig's argument that the circuit court erred in refusing to allow the transcript of the administrative hearing into evidence is unpersuasive. There is a strong presumption in favor of the constitutionality of statutes. State v. Popanz, 112 Wis. 2d 166, 172, 332 N.W.2d 750 (1983). A party challenging the constitutionality of the statute bears a heavy burden of persuasion. State v. Hart, 89 Wis. 2d 58, 64, 277 N.W.2d 843 (1979). Appellant is unable to satisfy this burden because she did not specifically challenge the constitutionality of WIS. STAT. § 343.305(8)(b)3 in the trial court. The appellant challenged only the application of the statute to the facts in her case.
¶12 The administrative hearing prescribed by WIS. STAT. § 343.305(8)(b)3 is expressly designed to be an informal process. Id. The arresting officer is not required to appear at the hearing unless served with a subpoena. Sec. 343.305(8)(b)1. The hearing examiner can decide the case on the basis of the arresting officer's police report. See id. The legislature has chosen in its wisdom to accord the suspended individual a speedy, inexpensive and informal administrative review process. State v. Kasian, 207 Wis. 2d 611, 620, 558 N.W.2d 687 (Ct. App. 1996). The focus on judicial efficiency, and the difference in the quality or extensiveness of the proceedings, is reflected in the statutory ban on using administrative review testimony in any subsequent proceeding. See id. at 618 ("Unlike conventional administrative proceedings under ch. 227, STATS., the administrative review procedure of § 343.305(8), STATS., does not create or invite an `adversary proceeding' in the traditional sense of that phrase.").
¶13 Koenig argues that excluding the testimony from the administrative hearing infringed upon her due process rights. The Sixth Amendment to the United States Constitution and article I, section 7 of the Wisconsin Constitution both provide that the defendant shall be able to confront witnesses against him or her in criminal prosecutions. Appellant correctly contends that these due process rights are not limited only to criminal prosecutions. Oddsen v. Board of Fire & Police Comm'rs for City of Milwaukee, 108 Wis. 2d 143, 159, 321 N.W.2d 161 (1982). Appellant cites State v. Pulizzano, 155 Wis. 2d 633, 654, 456 N.W.2d 325 (1990), which held that when a state evidentiary rule conflicts with the defendant's constitutional rights, the State must demonstrate a compelling interest to overcome that right.
¶14 In Pulizzano, the issue was whether the trial court could exclude testimony based on the rape shield law. Id. at 638-39. Our supreme court answered no, concluding the defendant had the constitutional right to confront the witness. Id. Here, the facts can be differentiated because WIS. STAT. § 343.305(8)(b)3 did not bar Koenig from confronting Burington at the motion hearing. The circuit court correctly applied § 343.305(8)(b)3 to the facts of this case. The language of § 343.305(8)(b)3 is clear and unambiguous. The statute states, "No testimony given by any witness may be used in any subsequent action or proceeding." Id. The intention of the legislature is clear from the ordinary and accepted meaning of the statute. We hold that the testimony given at the administrative hearing was properly excluded under § 343.305(8)(b)3.
¶15 Second, Koenig alleges that the court erred in finding that Michael consented to police entering the home without a warrant. Koenig asserts that such entry was a violation of her Fourth Amendment protection against illegal search and seizure. Her motion to suppress evidence was premised on the rule that when an illegal search occurs, the proper remedy is suppression of all evidence obtained after the illegal detention. See Wong Sun v. United States, 371 U.S. 471, 484 (1963). The blood test results, Koenig argues, were obtained illegally and should have been suppressed. In support of her Fourth Amendment position, Koenig cites to the proposition that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. CONST. amend. IV.
¶16 In reviewing a trial court's denial of a motion to suppress evidence, the trial court's findings of fact are to be upheld unless clearly erroneous. WIS. STAT. § 805.17(2); State v. Roberts, 196 Wis. 2d 445, 452, 538 N.W.2d 825 (Ct. App. 1995). However, whether a search passes constitutional muster is a question of law to be decided de novo. Roberts, 196 Wis. 2d at 452. The fourth amendment does not require that every search be made pursuant to a warrant, but the United States Supreme Court has stated that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the 4th Amendmentsubject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967).
¶17 Police may enter a home and conduct a search without a warrant if two circumstances are present. Laasch v. State, 84 Wis. 2d 587, 593-94, 267 N.W.2d 278 (1978). First, the officers must have probable cause to enter the home. See id. Second, there must be an exception to the warrant requirement, such as exigent circumstances or consent. Id. Koenig does not dispute probable cause, but argues the officers did not obtain consent to enter the home.
¶18 When a warrantless search is conducted based on consent, the State must prove "by clear and positive evidence the search was the result of a free, intelligent, unequivocal and specific consent without any duress or coercion, actual or implied." State v. Johnson, 177 Wis. 2d 224, 233, 501 N.W.2d 876 (Ct. App. 1993) (citation omitted). This determination is made by the totality of the circumstances. Id. The circuit court found the officer's testimony of the events that transpired more credible than that of Koenig's husband. The court stated: "[T]he issue as noted is clearly consent. There is a dispute as to the facts as they have occurred. I will tell you I find the officers' testimony, which is consistent with each other, to be more credible than that of Mr. Koenig." Nothing in the record supports this finding as being clearly erroneous. We therefore uphold the circuit court's denial of Koenig's motion to suppress the blood test results. See Roberts, 196 Wis. 2d at 452. We conclude that the officers' entry into the Koenig residence was lawful and that the evidence was properly admitted.
¶19 Finally, Koenig challenges the trial court's jurisdiction, alleging ineffective service of process because the citation was not served by the county coroner. Koenig argues that the Sheboygan County coroner, not the City of Sheboygan police, had the authority to serve Koenig with the citation. The relevant statute states in part that the "coroner shall ... [s]erve and execute process of every kind and perform all other duties of the sheriff when the sheriff is a party to the action." WIS. STAT. § 59.34 (1)(c).
¶20 Appellant's assertion that process was ineffectually served fails for two reasons. First, Koenig was not acting in her official capacity as sheriff when the process was issued. She was an ordinary private citizen operating her personal vehicle. The Sheboygan police department had the authority to issue a traffic citation to Koenig for a violation of the state traffic laws. The legislature has delegated the authority for the issuance of such citations by the Sheboygan police department to anyone properly within its jurisdiction. WIS. STAT. § 349.02.
¶21 Second, WIS. STAT. § 345.11(5) supersedes the application of WIS. STAT. § 59.34(1)(c). The relevant portion of § 345.11(5) states, "Notwithstanding any other provision of the statutes, the use of the uniform traffic citation ... by any peace officer in connection with the enforcement of any state traffic laws ... shall be deemed adequate process to give the appropriate court jurisdiction over th[at] person..." (Emphasis added.) Therefore, the issuance of the uniform traffic citation to Koenig by the Sheboygan police department was sufficient to confer jurisdiction over the appellant.

CONCLUSION
¶22 The trial court properly ruled on the three issues that Koenig contends were in error. The trial court applied the unambiguous language in WIS. STAT. § 343.305(8)(b)3 by not allowing the testimony given at the administrative hearing to be introduced into evidence. Koenig's due process right was preserved by her ability to confront the witness at the motion hearing and at the trial. Second, record facts support the circuit court's finding of fact that Koenig's husband gave the arresting officers permission to enter the home. Finally, WIS. STAT. § 59.34(1)(c) is inapplicable to this case because Koenig was acting in an individual capacity when operating her vehicle and the language of WIS. STAT. § 345.11(5) gives peace officers the authority to serve process by issuing a uniform traffic citation when warranted by the circumstances.
By the court.Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.