STATE of Wisconsin,
Plaintiff-Respondent,

v.

Alvernest Floyd KENNEDY,
Defendant-Appellant.

Court of Appeals

*No. 2008AP435–CR. Submitted on briefs September 18, 2008.
—Decided November 25, 2008.*

2008 WI App 186

(Also reported in 762 N.W.2d 412.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Alvernest Floyd Kennedy*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Michael C. Sanders*, assistant attorney general.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. Alvernest Floyd Kennedy appeals *pro se* from two postconviction orders entered after he was convicted of homicide by intoxicated use of a motor vehicle, contrary to Wis. Stat. § 940.09(1)(a) & (1c)(b) (2005–06).[1] He challenges both: (1) the order denying his motion seeking appointment of postconviction counsel at county expense, and (2) the order denying his motion seeking reconsideration of the trial court's denial of the first order. Kennedy claims the trial court erroneously exercised its discretion in (1) upholding the state public defender's ("SPD") determination that he was not eligible for appointment of counsel; and (2) failing to invoke its inherent authority to appoint counsel despite the SPD's denial. Because Kennedy failed to provide the SPD with the information it needed to make a timely and accurate assessment of indigency and its ultimate non-indigency determination based on the information submitted followed the proper legislative criteria, and because the trial court did, in the alternative, conduct an independent review under its inherent authority reaching a reasonable conclusion that Kennedy was not eligible for appointment of counsel, we affirm.

## BACKGROUND

¶ 2. At about 12:13 a.m. on August 3, 2006, Kennedy was driving his vehicle eastbound on Fond du Lac Avenue in the City of Milwaukee when he struck a pedestrian. The victim, Sheila Watson, was declared dead shortly after being transported to the hospital.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

Police Officer Marcey Asselin was the first to arrive at the scene. Kennedy identified himself as the driver of the vehicle that struck the victim. Officer Asselin observed during her interaction with Kennedy that he had blood-shot eyes, was slurring his speech, and exhibited a strong odor of alcohol. Based on her observations and experience, Officer Asselin believed Kennedy to be under the influence of alcohol. He was subsequently conveyed to the hospital for a blood draw to determine whether he had been operating his vehicle while intoxicated. He was placed under arrest, and a blood sample was taken and submitted for analysis. His blood was found to contain a blood alcohol concentration of .216 grams, approximately two hours, forty minutes after the accident. In a complaint dated August 7, 2006 and amended August 11, 2006,[2] Kennedy was charged with one count of homicide by intoxicated use of a vehicle and one count of driving with a prohibited alcohol concentration.

¶ 3. Kennedy retained a private attorney, John Schiro, to defend him. The case was tried to a jury. The jury found Kennedy guilty and he was sentenced to eighteen years, consisting of eleven years initial confinement followed by seven years of extended supervision. On May 8, 2007, Schiro reviewed with Kennedy the form entitled: "Notice of Right to Seek Postconviction Relief." On May 14, 2007, Schiro filed, on Kennedy's behalf, a notice of intent to seek postconviction relief, which stated in pertinent part:

> The defendant currently is an inmate at the Milwaukee County Jail. The defendant was represented by privately retained counsel, John S. Schiro . . . . However,

---

[2] The amended complaint noted that Kennedy had one or more prior convictions, suspensions, or revocations counted under WIS. STAT. § 343.307(2).

the defendant is indigent and seeks representation by the Office of the State Public Defender.

¶ 4. On October 4, 2007, Kennedy filed a *pro se* motion in this court seeking an extension of time for the SPD to appoint counsel and request transcripts. He asserted that due to limited resources and his temporary facility assignment, he was unable to timely comply with the SPD's request for information necessary to assess indigency. He alleged that he submitted all the required information to the SPD on May 29, 2007. By order dated October 10, 2007, we held the motion in abeyance and referred the matter to the Office of the State Public Defender.

¶ 5. The SPD responded to this court's order on October 19, 2007:

> An Eligibility Evaluation Form (E-Form) was mailed to the defendant on May 23, 2007, with instructions to return it within 7 days. Defendant submitted an incomplete E-Form on June 4, 2007. Additional information was requested from the defendant on June 5, 2007, June 21, 2007, and July 26, 2007. The defendant did not submit a complete E-Form. The defendant was notified by letter dated August 13, 2007, that he had not submitted sufficient financial documentation to determine eligibility and that this office was unable to appoint counsel.
>
> . . . As of October 19, 2007, the defendant has still not submitted a complete E-Form, the State Public Defender can not determine financial eligibility, and is unable to appoint appellate counsel.

¶ 6. Based on the response from the SPD, we denied Kennedy's motion for an extension of time. On January 7, 2008, Kennedy filed, *pro se,* a document with the circuit court entitled "Notice of Motion and Motion

515

to Appoint Postconviction Counsel." In this document, Kennedy represented that he sought counsel through the SPD, but he "was not found to be eligible under State Public Defender Standards." He asked the circuit court to exercise its inherent authority to appoint postconviction counsel at county expense.

¶ 7. The trial court denied the motion by written order dated January 17, 2008. On February 7, 2008, Kennedy filed a motion seeking reconsideration of that denial. The trial court denied the motion for reconsideration by written order dated February 11, 2008. Kennedy now appeals.

## DISCUSSION

¶ 8. Kennedy makes two arguments. First, he contends the trial court erred in upholding the SPD's determination denying appointment of counsel. Second, he contends the trial court erred in failing to proceed to the second independent analysis under the circuit court's inherent authority to consider whether counsel should be appointed despite the SPD's denial. We reject each contention in turn.

¶ 9. It is clear that a "criminal defendant in Wisconsin is guaranteed the right to counsel by both article I, section 7 of the Wisconsin Constitution and the Sixth Amendment to the United States Constitution." *State v. Drexler*, 2003 WI App 169, ¶ 3, 266 Wis. 2d 438, 669 N.W.2d 182. The right to counsel extends to a criminal defendant who is indigent. *Pirk v. Dane County*, 175 Wis. 2d 503, 505–06, 499 N.W.2d 280 (Ct. App. 1993). The criminal defendant has the burden of proving that he/she is unable to afford counsel by a preponderance of the evidence. *State v. Buelow*, 122 Wis. 2d 465, 472, 363 N.W.2d 255 (Ct. App. 1984).

¶ 10. There are two avenues by which an indigent criminal defendant will be afforded counsel at no expense. The first is through the legislatively created Office of the State Public Defender. The legislature created WIS. STAT. ch. 977 of the Wisconsin Statutes establishing the Office of the State Public Defender "to deal with the appointment of counsel for indigent defendants." *Pirk*, 175 Wis. 2d at 506. The second avenue emerges only after a defendant has been found ineligible by the SPD and rests in the inherent power of the court. *See State v. Dean*, 163 Wis. 2d 503, 512–13, 471 N.W.2d 310 (Ct. App. 1991). If a criminal defendant has been found ineligible by the SPD statutory standards for the appointment of counsel, the trial court may, in its discretion, invoke its inherent authority and appoint counsel at county expense when "the 'necessities of the case' and the demands of 'public justice and sound policy' require appointing counsel . . . to protect the defendant's constitutional right to counsel." *Id.* at 513 (citation omitted).

## A. SPD Denial.

¶ 11. Kennedy argues that the trial court failed to properly review the SPD's determination that he did not qualify for the appointment of counsel. In reviewing this issue, the trial court's findings of fact will not be overturned unless clearly erroneous. *See id*, 163 Wis. 2d at 511. However, whether Kennedy "was denied a constitutional right is a question of constitutional fact that we review independently." *See id.*

¶ 12. WISCONSIN STAT. § 977.06(4) provides in pertinent part that: "A circuit court may review any

indigency determination upon its own motion or the motion of the defendant and shall review any indigency determination upon the motion of the district attorney or the state public defender." In *Dean*, we addressed the same issue, engaged in statutory construction of the statutes, and determined that under the statute the circuit court's " 'review [of] any indigency determination' is limited to determining whether the public defender properly followed the legislative criteria." *Id.*, 163 Wis. 2d at 511 (citation omitted). The legislative criteria are set forth in detail in Wis. Stat. § 977.07(2). In general, the assessment involves a calculation of whether a person's liabilities are greater than his/her assets. *See id.*

¶ 13. As noted in the chronology set forth earlier in this opinion, attempting to solicit cooperation from Kennedy was no easy task. The SPD repeatedly asked him to submit additional and current documentation. Kennedy failed to timely submit to the SPD sufficient and current information to enable it to make an assessment as to indigency. The SPD asked Kennedy to complete an Eligibility Evaluation Form ("E-form"). He failed to initially return the E-form and then eventually submitted an incomplete and very tardy E-form. As of October 19, 2007, the SPD still did not have the information it needed in order to make an indigency eligibility assessment. Thus, at that time, the SPD denied appointment, not based on a financial analysis, but because Kennedy failed to submit to the SPD sufficient documentation to enable it to conduct the financial analysis. Although not completely clear from the record, it does appear that sometime between October 19, 2007 and December 21, 2007, through an additional exchange of letters and documentation, the SPD did finally determine on the basis of the

information submitted, that Kennedy did not satisfy its financial eligibility requirements.[3]

¶ 14. Shortly thereafter, on January 7, 2008, Kennedy filed a motion with the circuit court seeking appointment of counsel at county expense. The circuit court's ruling in its January 17, 2008 order denied Kennedy's motion, reasoning:

> The public defender's office has forwarded all documents to this court for review regarding its determination that the defendant was not eligible for the appointment of appellate counsel. The materials reveal that the defendant owns several rental properties from which rents are obtained. The information is not current, however, as to what became of the properties (or if rents are still collected to pay the mortgages). The public defender's office has indicated that it has given the defendant several opportunities to provide it with current documentation with respect to those properties, and the defendant has failed to do so. Under the circumstances, the court cannot find the public defender's determination of ineligibility is without basis.

¶ 15. The circuit court's finding in this regard is not clearly erroneous. It is the defendant's burden to submit documentation sufficient and current so that an accurate assessment of financial circumstances can be made. *See Buelow*, 122 Wis. 2d at 472. Although Kennedy submitted exhibits purporting to show that he

---

[3] We discern this from the only letter in the record which appears to acknowledge that the SPD conducted an eligibility determination and concluded that Kennedy's income exceeded the standards for SPD appointment. The letter is dated December 21, 2007 from the SPD and states: "[Your] reported income minus the discretionary expenditures far exceeds that which would allow you to qualify for public defender counsel."

does not have any income and is unemployed, he also submitted evidence showing ownership of three properties but failed to document income from the properties. Like the trial court, with only this documentation, we cannot conclude that the SPD erred in rendering its non-indigency determination. Accordingly, we must conclude that the trial court did not err in its review of the SPD determination. Based on the circumstances presented to it, this was the only reasonable determination it could make.[4]

*B. Inherent Authority.*

██ ██
¶ 16. Kennedy's second argument is that the trial court erred in failing to invoke its inherent authority and appoint counsel after his request for the appointment of counsel from the SPD was rejected. We held in *Dean*, that "[t]here are situations . . . where a defendant does not meet certain indigency criteria, but nevertheless is unable to afford counsel." *Id.*, 163 Wis. 2d at 512. These are situations where due to the "necessities of the case," a circuit court should invoke its inherent authority to appoint counsel even though the defendant has not qualified for SPD appointment. *Id.* at 513. "[T]he court can still declare the defendant indigent for pur-

---

[4] Kennedy includes in his reply brief a document which purports to be a SPD Worksheet, wherein an Evaluator by the name of Brendan Rudolph conducted a financial review of Kennedy's income and expenses and concluded that Kennedy was not eligible for appointment of counsel. This document, however, does not appear in the record and therefore we cannot consider it in this appeal. *See Jenkins v. Sabourin*, 104 Wis. 2d 309, 313–14, 311 N.W.2d 600 (1981). Moreover, this document is dated January 15, 2008, which is eight days *after* he filed his motion which forms the basis for this appeal.

poses of appointing counsel to protect the defendant's constitutional right to counsel." *Id.* Kennedy argues that his case is one in which such a declaration should be made. The circuit court ruled that it could not "conclude from the information provided that the defendant is without funds for purposes of obtaining counsel for purposes of appeal." We hold that the trial court did not err in so ruling.

¶ 17. Kennedy had the burden of proving that he is indigent. *See id.* "Whether the defendant has the financial means to obtain counsel is a question of fact." *Id.* (citation omitted). It is Kennedy who has the information necessary to show the court why he is unable to retain private counsel. *See id.* Whether Kennedy has provided the circuit court with sufficient facts to appoint counsel under its inherent authority is a discretionary call for the circuit court. *See id.* at 514.

¶ 18. "A defendant who seeks appointed counsel must present evidence to the trial court of his or her assets, income, liabilities and attempts to retain counsel." *Id.* The record reflects that Kennedy submitted: (1) the December 21, 2007 letter from the SPD stating he did not qualify for appointment of a public defender; (2) SPD forms where Kennedy stated he was unemployed, had no income, and listed his child support, utility bills and restitution obligations; (3) mortgage statements from the three rental properties he owned; (4) two letters relating to failure to pay the October 1, 2007 mortgages on two of the properties; and (5) information relating to his last employer, Kennedy Construction Contractors. Kennedy did not submit to the trial court sufficient information for it to determine whether Kennedy had enough assets to retain private

521

counsel. He did not submit information regarding his attempts to retain counsel nor did he submit any information relative to income from the rental properties. Further, the information regarding the rental properties and any delinquency on payment was not current or complete. Accordingly, Kennedy failed to satisfy his burden of proof, and the circuit court's decision not to appoint counsel at county expense did not constitute an erroneous exercise of discretion.

*C. Reconsideration.*

¶ 19. After Kennedy received the circuit court's order denying his motion seeking appointment of counsel at county expense, he submitted a motion seeking reconsideration. The motion for reconsideration asserts that the SPD erred in its calculation, the trial court erred in relying on the miscalculation, and the trial court erred in not making an independent indigency determination based on the information Kennedy submitted. In addition, Kennedy attached new information with his motion, including: (1) a personal financial statement showing the value of his real estate ownership to be $415,000, his total liabilities to be $429,000; his real estate income to be $4,725; listing four rental properties with each being in default on the mortgage;[5] (2) information regarding rental income and expenses

---

[5] We note that the rental properties disclosed in the first motion seeking appointment of counsel referenced three rental properties: (1) 2424 West Concordia Avenue; (2) 4480 North 83rd Street; and (3) 3075 North 21st Street. The documentation submitted with the motion for reconsideration lists four rental properties, including the Concordia Avenue and North 21st Street in addition to: (1) 3451 North 5th Street and (2) 3025

related to these properties; (3) mortgage statements on the 3075 North 21st Street property (dated 10/12/07), 2424 West Concordia Avenue property (dated 10/17/07), 3451 North 5th Street property (dated 11/16/07), and the 3025 North Buffum Street property (dated 12/16/07), all showing amounts due; (4) two letters from private counsel stating an estimate as to what it might cost to represent Kennedy on appeal; and (5) correspondence between Kennedy and the SPD.[6]

¶ 20. In response to this submission, the trial court denied the motion, ruling that the documents Kennedy submitted to the court had not been submitted to the SPD and that Kennedy still failed to "indicate what happened to the properties or to the rents."

¶ 21. In reviewing a trial court's decision on a motion for reconsideration, we apply the erroneous exercise of discretion standard. *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons,*

North Buffum Street. The reconsideration submission does not include the North 83rd Street property. In addition, the record includes documentation listing Kennedy's address as 2102 North 49th Street. The nature or status of this property is not disclosed.

[6] The correspondence consisted of: (1) a letter dated October 20, 2007 from Kennedy to Patrick Donnelly at the SPD; (2) a letter dated November 5, 2007 from Kennedy to Patrick Donnelly at the SPD which purported to submit additional financial documentation to the SPD; (3) a letter dated November 6, 2007 from Brendan Rudolph of the SPD, which stated it was a response to Kennedy's October 29, 2007 letter, advising that Kennedy failed to establish he was financially eligible for an SPD-appointed lawyer and that the time limit for the SPD to appoint had expired; (4) the December 21, 2007 letter from Joseph Ehmann of the SPD to Kennedy referring to Kennedy's "most recent letter" and indicating that Kennedy's submissions did not establish that he qualified for a SPD-appointed lawyer.

*Ltd.*, 2004 WI App 129, ¶ 6, 275 Wis. 2d 397, 685 N.W.2d 853. We will not find an erroneous exercise of discretion if the circuit court examined the pertinent facts, applied the correct legal standard and employed a rational process to reach a reasonable conclusion. *Brown County v. Shannon R.*, 2005 WI 160, ¶ 37, 286 Wis. 2d 278, 706 N.W.2d 269.

¶ 22. In reviewing this record, we cannot conclude that the trial court erroneously exercised its discretion. Kennedy made a mess of the record and the process in this case. After sentencing, Kennedy alleged that he was indigent and requested that a state public defender be appointed for postconviction and appellate purposes. In response, the SPD mailed him an E-Form on May 23, 2007, with instructions to complete and return it within seven days. He submitted an incomplete E-form twelve days later on June 4, 2007. On June 5, 2007, June 21, 2007, and July 26, 2007, the SPD requested additional information from Kennedy. Kennedy failed to submit a complete E-form and was notified by letter dated August 13, 2007 that he had not submitted the financial documentation required by the SPD in order for it to make an assessment as to whether he qualified for an SPD appointment.

¶ 23. He then engaged in additional correspondence with the SPD telling them by letter dated October 20, 2007, that he would now like to submit the additional documentation that the SPD had requested from him on July 27, 2007. By letter dated November 5, 2007, he submitted additional documents to the SPD. The SPD responded on November 6, 2007 that it had to stand by its original determination as Kennedy failed to establish eligibility and the time limit for appointment had expired. On November 10, 2007, Kennedy wrote to the SPD again asking them to review the information

he submitted and "make a determination of . . . eligibility for appointment of counsel." On December 21, 2007, the SPD responded:

> I have reviewed all previous correspondence and all of the information we have received regarding the issue of your eligibility for appointment of public defender counsel. I am sorry but based upon the information provided to us, the original determination that you are financially ineligible for appointment of public defender counsel was correct.
>
> The fact that you executed a revocable durable power of attorney document naming Myrna Harris to manage your property and assets does not alter the fact that those assets remain yours and are assets we must account for in the eligibility calculus. The financial documents provided show a great many discretionary expenditures. The reported income minus the discretionary expenditures far exceeds that which would allow you to qualify for public defender counsel.

¶ 24. Kennedy then filed a motion with the circuit court, challenging the SPD denial and seeking appointment of counsel. He alleged in the reconsideration motion that the SPD miscalculated his financial status and the trial court erred in relying on the miscalculation. The problem with this argument is that Kennedy failed to submit to the circuit court all the documentation he alleges was filed with the SPD. There is nothing in the record revealing the SPD's specific calculation, what numbers they used or how they reached their financial ineligibility conclusion. It is Kennedy's responsibility to make sure that the record contains the necessary information to support his argument. *See State Bank of Hartland v. Arndt*, 129 Wis. 2d 411, 423, 385 N.W.2d 219 (Ct. App. 1986). Without that information in the record, we assume that the trial court's

determination, based on the SPD's calculation was correct. *See id.* ("Given an incomplete record, we will assume that it supports every fact essential to sustain the trial court's exercise of discretion.") (citation omitted). Thus, the circuit court did not err in rejecting Kennedy's arguments on reconsideration relating to the SPD "miscalculation" of his financial status or the circuit court's reliance thereon.

¶ 25. Finally, Kennedy argues that the trial court should have looked beyond the SPD's determination to other facts to determine whether to find him indigent. Kennedy is correct that Wisconsin law permits the circuit court to exercise its inherent authority to appoint counsel for an indigent defendant even if the defendant does not qualify as indigent under the legislatively created SPD guidelines. *See Dean*, 163 Wis. 2d at 513. The law also requires the circuit court to consider *all* relevant evidence submitted by the defendant and does not limit the court's consideration to a review of the SPD criteria. *Id.* at 514.

¶ 26. The inherent power to appoint, however, should be exercised only after a defendant has fully cooperated with the SPD to enable the SPD an opportunity to properly assess whether the defendant qualifies for SPD appointment. It is not completely clear in this case whether or not that happened. The record does reflect that Kennedy ignored requests from the SPD, failed to submit documentation, and sent back incomplete information. Despite Kennedy's failure to cooperate, there is some indication that *eventually*, the SPD was able to make a financial analysis and concluded that Kennedy did not qualify for SPD appointment. The record, nonetheless, also suggests that docu-

ments filed with the SPD were never filed with the circuit court and documents filed with the circuit court (pertinent to the SPD evaluation) were never filed with the SPD.

¶ 27. We emphasize that the procedures set forth in *Dean* by this court suggest that the inherent power of the circuit court shall be exercised to cover situations where a defendant cooperated with the SPD's financial analysis, was found not to be indigent under the legislative criteria, but based on the individual circumstances of the case, public justice, and sound policy is in fact "indigent." *Id.* at 512–14. A defendant may be found ineligible by the SPD, but still demonstrate he/she is unable to retain and pay for private counsel. If that is the case, the circuit court shall consider all relevant information submitted, on a case-by-case basis, to decide whether the defendant truly is indigent and whether counsel should be appointed at county expense. *Id.* at 514.

¶ 28. The inherent power of the court should not be invoked when a defendant fails to seek SPD appointment, fails to cooperate with the SPD for the indigency assessment, or fails to submit the required information to make a proper assessment. In other words, the first step for a defendant in seeking appointment of counsel based on inability to pay must be with the SPD. A defendant must fully and timely cooperate with the SPD so that it can make an accurate determination of eligibility. The inherent authority of the circuit court is not intended to replace the SPD appointments. Rather, it is intended to cover those circumstances where a defendant does not satisfy the legislatively created SPD criteria for appointment, but still demonstrates indigency.

527

¶ 29. A defendant who finds himself in this position, however, carries the burden of submitting proof to the circuit court to enable it to make such an assessment. *Id.* at 513–14. "It is the defendant who possesses the facts necessary to explain why he or she is unable to retain private counsel." *Id.* at 513.

¶ 30. Here, Kennedy failed to satisfy that burden in his first motion because the information he submitted for review was incomplete and did not include any documentation about attempts to retain counsel. He further failed to satisfy his burden in his motion for reconsideration. Although he did include two letters regarding attempts to retain counsel, the documentation was incomplete and inconsistent with what was previously contained in the record. There was no accounting for the 83rd Street property, or ownership/information related to his mailing address. The information was incomplete and therefore the circuit court did not erroneously exercise its discretion in ruling that Kennedy failed to satisfy his burden. Based on the facts and circumstances specific to this case, the circuit court did not err in denying Kennedy's motion seeking to reconsider the denial of his request to appoint counsel at county expense.

*By the Court.*—Orders affirmed.